Bragdon et al., Appellants, *v.* Ries et al.

Argued September 30, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*George E. Morcroft, Jr.,* with him *Gilbert E. Morcroft,* for appellants.

*Charles B. Prichard,* of *Prichard, Lawler, Malone & Geltz,* and *James H. Brennan,* for appellees.

OPINION BY MR. JUSTICE DREW, November 23, 1942:

A petition for a declaratory judgment was filed by the Borough of Bellevue, its burgess and the members of its council, against three individuals who had been appointed the civil service commission of the borough pur-

suant to the Act of June 5, 1941, P. L. 84. The president and the secretary of County of Allegheny Lodge No. 91, Fraternal Order of Police, were permitted to intervene as additional parties respondent. The petition sought a declaration that the act under which the commission was appointed was inapplicable to the Borough of Bellevue and that it was unconstitutional. These questions being determined against petitioners' contention in the court below, this appeal followed.

The Act of 1941, supra, establishing a civil service system for police forces in boroughs, incorporated towns and townships of the first class, provides in section 1 that it "shall be in effect as to boroughs, only while sections 1125, 1127 and 1128 [1] as now contained in 'The General Borough Act' are in force, subject, however, to the method of appointment and removal hereinafter provided." Section 2 creates a civil service commission, and section 14 provides that every position or employment in the police force, except that of chief, shall be filled only by the municipality's appointing body or officer making an appointment from a list of three candidates submitted by the commission after it has held an examination of applicants and determined their fitness according to the standards set up in its rules. Section 20 forbids the suspension, removal, or reduction in rank of any police department employee except for one of the reasons therein specified, and section 21 gives persons sought to be suspended, removed, or reduced in rank the right to demand a hearing before the commission and to be reinstated in the event that the charges are not upheld.

Appellants argue that the foregoing provisions have the effect of annulling the power of appointment, suspension, and removal given to the Borough Council and to the Burgess by sections 1125 and 1127 of the General Borough Act of May 4, 1927, P. L. 519, and therefore im-

---

[1] Section 1128, dealing with the compensation of borough police, is admittedly not involved in the solution of the question here under consideration.

pliedly repeal those two sections, and that because the Act of 1941 is by its terms effective as to boroughs only while those sections are in force, it is inapplicable in the present case. Section 1125 of the General Borough Act gives to council the right to appoint and remove policemen, and to the burgess the control of the police force and the direction of the manner in which its duties shall be performed. Section 1127 permits the burgess to suspend, for cause, any policeman until the next meeting of council, at which time council may discharge or reinstate him.

A close comparison of the two acts discloses the fact that under the Act of 1941 the power of the burgess remains unchanged, and that the power of council to appoint and remove remains but with the prescribed limitations that appointment can be made only from a list furnished by the civil service commission and that discharge can result, if the employee asks a hearing, only if the charges against him are sustained by the commission. Thus it is apparent that the Act of 1941 does not deprive council of the power to appoint and remove, nor the burgess of the power to suspend, but merely prescribes and limits the conditions under which these powers may be exercised. By its terms it is to be in effect while sections 1125 and 1127 of the General Borough Act are in force, "subject, however, to the method of appointment hereinafter provided". This is a flat recognition of those sections of the General Borough Act and of their qualification as to the method of appointment and removal of employees set up in the Act of 1941. There is thus no conflict in the two acts.

The grounds upon which the constitutionality of the Act of 1941 is attacked are the same as those raised in *Haverford Twp. v. Siegle,* 346 Pa. 1, decided this day, and they are equally unavailing in the instant case. We hold that the Act is in effect in boroughs and that it is not unconstitutional as special or local legislation.

Order affirmed.