**WALLACE, Plaintiff, v. UNIVERSITY HOSPITALS OF CLEVELAND, Defendant.**

Common Pleas Court, Cuyahoga County.

No. 725551.   Decided November 9, 1959.

John G. Pegg, Walton C. Jackson, Cleveland, for plaintiff.
Arter, Hadden, Wykoff & Van Duzer, Cleveland, for defendant.

## OPINION

By J. J. P. CORRIGAN, J.:

Plaintiff spent two months as a patient in defendant University Hospitals. Desirous of obtaining detailed information concerning her injuries and treatment pursuant to a determination of the question of damages in a lawsuit filed against another person, she authorized her attorney to obtain a copy of her hospital records at plaintiff's expense.

Following the Hospital's refusal to deliver a copy of the records to plaintiff's agent, she filed a petition for mandatory injunction seeking

the production of these records. The defendant Hospital has answered raising three defenses:

1. That they offered to read the record to plaintiff's attorney;

2. That Rule 12 of the Court of Common Pleas is the proper means of obtaining records pursuant to the original suit; and

3. That the records are the sole property of the Hospital and that the plaintiff has no legal right to obtain them.

Having considered these defenses, the Court disagrees with each of them. The Hospital's offer to read a technical treatment record encompassing a two-month period of treatment and recovery to the attorney is hardly adequate. In order to gain full benefit from the information, an attorney should have the opportunity to study the record at his leisure and to submit it to a medical expert of his own choosing for evaluation. Although the offer to read is inadequate, having offered to furnish the agent with the information contained in the record it is only a technical step to the Hospital's furnishing him with a photocopy of the record at plaintiff's expense. Hospital's offer to read the record therefore labels their refusal to furnish the copy as an arbitrary and somewhat vain act.

Rule No. 12 of the Common Pleas Court empowers a judge of the Court "upon motion of any party showing good cause therefor and upon notice to all other parties," to order a Hospital to produce hospital records containing evidence "pertinent" to a pending suit as are "not privileged." Analysis of Rule No. 12, as well as consideration of Rule No. 34 of the Federal Rules of Civil Procedure which inspired Rule No. 12, indicates that it was drawn to afford an adverse party access to relevant non-privileged records normally accessible to the opposite party. The terms and conditions of the Rule indicate that the Court did not intend it to be used by a party seeking to gain access to information normally within his knowledge or normally available to him. Therefore, while Rule No. 12 is available to the adverse party in plaintiff's suit, it is not available to the plaintiff, and plaintiff must resort to additional means to obtain those records should the Hospital refuse her.

Considering the third defense, it is true that the original Hospital records are the property of the Hospital. Since they include the records of all births, deaths, nature and length of treatment and other information, their maintenance and custody is essential to the proper administration of the Hospital. However, it is also true that a patient has a property right in the information contained in the record and as such is entitled to a copy of it. Plaintiff's or her physician's access to these records might at sometime be a decisive factor in her future medical treatment. To an attorney and his expert the record can illuminate question of damage in a pending claim.

In summary, the Court finds that plaintiff's right to a copy of her hospital records is an incident of treatment and that since Rule No. 12 does not afford her means of obtaining these records in the primary suit, a Mandatory Injunction is a proper means of compelling the Hospital to provide the plaintiff with a copy of the records at plaintiff's expense. Injunction granted.