## Carver, Appellant, *v.* Upper Darby Civil Service Commission.

Argued April 25, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and EAGEN, JJ.

*Angelo A. DiPasqua,* for appellant.

*Paul R. Sand,* Solicitor, for township, appellees.

OPINION BY MR. CHIEF JUSTICE JONES, May 23, 1960:

The action here involved was originally instituted in assumpsit but was later amended so as to be an action in mandamus. The plaintiff sought thereby to compel the Commissioners of Upper Darby Township to declare (1) that the late appointment of a candidate (certified by the Civil Service Commission) to the position of sergeant of police to fill a vacancy in that office was invalid, (2) that the vacancy was still open, and (3) that a new examination would be given eligible candidates for the rank of sergeant (of whom the plaintiff was one) wherein the sole test would be a

written examination. The tests formerly given had been partly written and partly oral.

The case was tried to the court without a jury by agreement of counsel. The court filed an adjudication containing findings of fact, followed by conclusions of law, that "plaintiff has not shown his right to be appointed sergeant in the police force of Upper Darby Township" and that "although the plaintiff passed his civil service examination for the position of sergeant, the Commissioners of Upper Darby were not compelled by law to appoint him." The court accordingly entered a verdict for the defendant Commissioners in an order which allowed for the filing of exceptions to the adjudication and verdict, which were duly filed by the plaintiff. The matter then came before the court en banc which sustained an exception to an immaterial statement of fact but dismissed all other of the plaintiff's exceptions. Judgment on the verdict for the defendants was entered from which the plaintiff has appealed.

The following excerpts from the opinion of Judge SWENEY for the court en banc justify the judgment:

"In August, 1956, there were three vacancies in the rank of Sergeant of Police for the Township of Upper Darby. A Civil Service Examination was given, and the three vacancies were filled by the candidates who placed first, second and third in the examination. Plaintiff also a candidate for the rank of Sergeant, placed fourth. In February, 1957, there was another vacancy in the rank of Sergeant and the Civil Service Commission submitted the names of these applicants who had placed fourth, fifth and sixth in the same examination from which the first three vacancies had been filled. On April 2, 1957, the vacancy was filled by the candidate who had placed sixth, and the plaintiff was passed over. On April 23, 1957, plaintiff

started this action protesting the action of the Commissioners was unlawful for the reason that a new examination should have been held prior to the certification of candidates for the last vacancy. Plaintiff also attacked the examination, criticizing its weight, its rules, the manner in which it was graded, and asked the Court to declare the examination invalid.

. . .

"The plaintiff attacks the whole system of Civil Service as it operates in Upper Darby Township. But, in the language of the Act under which the Civil Service Commission functions, the requirement is as follows: 'All examinations for positions or promotions shall be practical in character and shall relate to such matters and include such inquiries as will fairly test the merit and fitness of the persons examined to discharge the duties of the employment sought by them.' On the basis of the record before it, this Court cannot say that the examination given in August, 1956, did not fairly test for the qualities for promotion to the rank of Sergeant. It may be that the Commission should re-examine its procedures relating to the conduct and weighting of the oral examination in view of criticisms herein raised. It is not for the Court, however, to substitute its judgment for the judgment of the Commissioners in matters discretionary with the Commission.

"Mandamus is a writ that is within the sound discretion of the Court to grant. 'It is well settled that in a mandamus proceeding a Court can compel a public official who is vested with a discretionary power to exercise that discretion; but (unless the discretion is arbitrarily or fraudulently exercised or is based upon a mistaken view of the law) it cannot interfere with or control the official's discretion or judgment. Expressed another way, it is the discretion and judgment

of the official (who is vested with a discretionary power) which prevails and not that of a Court or a jury or a person aggrieved; and a Court cannot compel such official to exercise his discretion in a manner which will produce a result which the Court may deem wise or desirable:' Maxwell v. Farrell School District, 381 Pa. 561. See also: Mellinger, Appellant v. Kuhn, 388 Pa. 83 (1957); Gorski v. Dickson City Borough School District et al., Appellants, 178 Pa. Superior Ct. 158 (1955)."

Judgment affirmed.