Bobick, Appellant, *v.* Fitzgerald.

Argued January 8, 1964; reargued October 2, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*George A. Spohrer,* with him *Maurice L. Epstein,* and *Hourigan, Kluger & Spohrer,* for appellant.

*Robert J. Landy,* for appellee.

OPINION BY MR. JUSTICE JONES, March 16, 1965:

John Fedorka, a police officer of the Borough of Sayre (Borough), resigned. Thereafter, on March 24, 1961, at the request of the borough council, the civil service commission offered a written examination to applicants for the position of police officer. Upon such examination the following applicants received the following grades: Andrew Bobick, Jr. (Bobick), 74; Emil Kozemko (Kozemko), 82; Richard Sheridan, 72½. After adjustment of these scores to meet the

provisions of the veterans' preference Act of 1945,[1] Bobick, a veteran,[2] received a grade of 84, the highest grade of the three applicants.

The commission certified the names of Bobick, Kozemko and Sheridan to the borough council as eligible persons qualified for appointment and the police committee of the borough council, after interviewing the three applicants, recommended Bobick for appointment.

The borough council, on April 17, 1961, appointed Kozemko as police officer but, because the legality of such appointment was questioned, such appointment was made subject to the approval of the court. On May 1, 1961, the matter was reconsidered and the council reaffirmed the appointment of Kozemko.

Bobick filed an action in mandamus[3] in the Court of Common Pleas of Bradford County averring that Kozemko's appointment was illegal and that, as the only qualified person under the 1945 Act, supra, Bobick should have been appointed. The prayer of the complaint in mandamus is that the members of the borough council be commanded to appoint Bobick as a police officer of the Borough. The Borough and members of council did not deny the material allegations of the complaint.

Certain undisputed facts appear of record: (a) that, in view of the 1945 Act, Bobick's grade was the highest on the civil service examinations; (b) that, in view of the 1945 Act, Bobick was the *only* applicant entitled to appointment to the police force; (c) that the appointment of Kozemko, rather than Bobick, violated the 1945 Act; (d) that, at the time of Kozemko's ap-

---

[1] Act of May 22, 1945, P. L. 837, §3, 51 P.S. §492.3.

[2] Neither Kozemko or Sheridan were entitled to the benefits of the 1945 Act.

[3] The briefs term this an *amicable* mandamus action.

pointment and until the time of hearing, the vacancy on the police force had not been filled.

In view of the concessions of record, we need not consider the mandatory requirements of the 1945 Act. Two things are clear: (1) the appointment of Kozemko *is* contrary to law and (2) if any person is to be appointed, Bobick *must* be appointed.

The sole issue is whether a court, under the circumstances, has the *power* to direct the Borough to appoint Bobick.

The power to appoint a police officer in a borough arises under the authority of The Borough Code:[4] "Borough councils may, subject to the civil service provisions of this act, . . ., appoint . . . one or more suitable persons, citizens of this Commonwealth, as borough policemen, . . . ."

In *Bragdon v. Ries*, 346 Pa. 10, 12, 29 A. 2d 40, it was argued that the Act of 1941[5] which established a civil service system for borough police had the effect of amending the power of appointment of police officers given to the borough council under The Borough Code. We held that "the power of council to appoint [police officers] . . . remain[ed] but with the prescribed limitations that appointment can be made only from a list furnished by the civil service commission. . . . . . . the Act of 1941 does not deprive council of the power to appoint . . ., but merely prescribes and limits the conditions under which these powers may be exercised . . . ."

It is settled beyond question (a) that mandamus, an extraordinary writ, is not granted as a matter of right but as a matter within the sound discretion of the court (*Lhormer v. Bowen*, 410 Pa. 508, 513, 514, 188 A. 2d 747; *Carver v. Upper Darby Civil Service*

---

[4] Act of May 4, 1927, P. L. 519, §1125, as amended, 53 P.S. §46125.

[5] Act of June 5, 1941, P. L. 84, §1, 53 P.S. §53251.

*Commission,* 399 Pa. 498, 501, 502, 161 A. 2d 374) and (b) mandamus should issue only "when the complaining person has a clear, legal right in the premises and the defendant has a clear, legal duty which he has refused to perform" (*Zaccagnini v. Vandergrift Borough,* 395 Pa. 285, 289, 150 A. 2d 538).

What Bobick seeks is a court order to direct the borough council to appoint Bobick as a police officer and argues, in effect, that, when the borough council did appoint Kozemko, it "lost its power of appointment" and, since Bobick is the only person qualified for appointment, Bobick must be appointed.

The legislature has seen fit to place the power of appointment of policemen in a borough in the councilmanic body subject only to the limitation that the person or persons to be appointed must be qualified under the civil service statute and that the councilmanic body grant to any such qualified person or persons any preference to which such person or persons is or are entitled under the Veterans' Preference Act, supra. It is within the discretion of the borough council to determine *if* and *when* police officers are to be appointed and, if such police are to be appointed, *which* person or persons is or are to be appointed subject to the statutorily imposed limitations on such power.

It is not for the court to determine whether any police officer or officers are to be appointed and the fact that the borough council did attempt to appoint Kozemko does not deprive borough council of its power to determine whether the vacancy in the police force must now be filled. Such a determination is not a judicial but a councilmanic function statutorily imposed. What Bobick now seeks is beyond the judicial power to grant.

If the borough council, in the exercise of its discretion, determines to appoint a police officer then, under the instant factual situation, the borough coun-

cil must appoint Bobick. We cannot, however, direct and command the borough council to make an appointment; such would amount to an improper usurpation of a power imposed by the legislature on the councilmanic body of the Borough.

Judgment affirmed.

---

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

I agree with the majority opinion that it is a councilmanic function to make appointments to the Sayre police force, but I do not agree that if council performs an illegal act and this Court is appealed to, it may only stand helplessly on the sidelines, powerless to make council obey the law.

Section 4 of the Veterans' Preference Act, provides that: "Whenever any soldier possesses the requisite qualifications, and his name appears on any eligible or promotional list, certified or furnished as the result of any such civil service examination, the appointing or promoting power in making an appointment or promotion to a public position shall give preference to such soldier, notwithstanding that his name does not stand highest on the eligible or promotional list."

After the civil service examinations had terminated and the grades were ascertained, the police committee of the borough conducted an inquiry of its own, interviewed each of the candidates and arrived at the unanimous conclusion that *Andrew Bobick was the person most qualified for police work.* The committee then recommended Bobick to the council for the appointment to the post which had been left by John Fedorka.

On April 17, 1961, the borough council met to fill the Fedorka vacancy. In the voting which ensued, Kozemko received 8 votes and Bobick 5 votes. On May 1, 1961, the council assembled again to vote on the patrolman's post and this time Kozemko received 6 votes, and Bobick received 5 votes. The burgess of

Sayre refused to swear in Kozemko as a borough policeman. The vacancy therefore remained unfilled.

On June 15, 1961, Bobick filed a complaint in mandamus in the Court of Common Pleas of Bradford County, praying that the Court enter judgment against the council members to assign Bobick to the duties incident to the office of patrolman in the borough because of his having qualified for that office. On July 13, 1961, nine of the council members filed an answer admitting all the averments in the complaint. On July 26, 1961, the defendants filed a second answer in which certain averments were admitted and others denied. The denials did not materially affect the situation as related. New matter was added which merely stated that under the provisions of The Borough Code,[1] " 'Councils may . . . appoint one or more suitable persons, citizens of this Commonwealth, as Borough Policemen,' " and that therefore, "the Court has no power to order the Council to appoint any person to the Borough Police Force."

Following these pleadings, there were protracted negotiations between the interested parties and between their respective champions and, despite intransigent postures, assumed attitudes, provincial loyalties and antagonisms, efforts were made to reach an amicable adjustment. Since, however, there was only one apple to be awarded (the police position could hardly be called a plum; it pays $3,800 per annum), and both applicants insisted on the whole of the apple, the negotiations got nowhere and finally, on February 14, 1963, the court filed an adjudication which equally got nowhere. The court said : "The Court has no power to require Sayre Borough Council to appoint plaintiff, or any other person, to the position of Borough Patrolman."

---

[1] Act of 1927, May 4, P. L. 519, §1178, added 1947, July 10, P. L. 1621, §39, as amended 1951, July 19, P. L. 1026, §1, 53 P.S. §46178.

The plaintiff filed exceptions to the adjudication, alleging eleven errors. On April 8, 1963, the court dismissed the exceptions and denied the writ of mandamus. The plaintiff appealed.

In the opinion filed on April 8th, the trial judge stated that since mandamus is an action at law, the controversy could not be decided on equitable principles, as maintained by the plaintiff. In *Hotel Casey v. Ross,* 343 Pa. 573, 582, this Court said: "Although the writ [mandamus] is granted by the law side of the court, equitable principles largely govern its issuance."

It may be added that the defendants do not question the jurisdiction or the form of action. They concede in their brief: "We have never, throughout these proceedings, even inferred any question as to jurisdiction or the form of action. Certainly, if plaintiff were entitled to any relief, this is the proper action."

The majority opinion states that this Court cannot direct and command the borough council to appoint Bobick. It is true that no one can compel the council to make an initial appointment, but once council has acted and makes an appointment, it has exhausted its discretion. Once council reaches a decision, *that* decision must be executed, and if execution is resisted, mandamus may be invoked.

When the council met on April 17, 1961, it met to make an appointment to the recognized vacancy on the police force. And it so acted. On May 1, 1961, the council repeated its action. There can be no question whatsoever that, under the Borough Code, parliamentary law, and orderly municipal procedure, the council members duly brought up, duly considered, and duly voted on filling the empty post caused by the departure of John Fedorka. It cannot possibly be argued, with any show of substance, that anyone has deprived the council of Sayre of its discretionary pow-

ers. Council voted to fill the police vacancy. It voted on two applicants: Kozemko and Bobick.

The election by council was regular, and the results were duly recorded. That result on May 1, 1961, showed 6 votes for Kozemko and 5 votes for Bobick. In view of the fact that under existing law Kozemko could not possibly prevail over Bobick, it followed as naturally as a Socratic syllogism or a mathematical deduction that Bobick was elected. This situation is no different from an election contest where it is discovered that the person apparently receiving the highest number of votes cannot qualify. In such a case the election is not declared a nullity. The contested post goes to the person with the next highest number of votes who does qualify.

It is incorrect to say that by declaring Bobick the appointee to Fedorka's post, council is being compelled to exercise a forced discretion. In these proceedings council is being compelled only to accept a result, which follows from its own untrammeled, deliberate, discretionary act. It was council that certified the vacancy to the civil service commission, it was council that received the results of the civil service examinations, it was council that received the recommendation of the police committee which unanimously recommended Bobick to the vacancy, and it was council which voted.

In the case of *Arthur v. Pittsburgh,* 330 Pa. 202, Edward J. Arthur, a member of the Pittsburgh police force, petitioned for a writ of mandamus to compel the City of Pittsburgh to reappoint him as lieutenant after he had been demoted to patrolman. Briefly the facts were that Arthur became a policeman in March 1912 and served until March, 1919, when he was discharged for cause. In 1926, after passing the required examination, he was reappointed to the police force. In February, 1928, he was promoted to lieutenant.

One of the requirements for a lieutenancy was a "service record of three years." The lower court held that the 7 years which Arthur served as a patrolman from 1912 to 1919 did not count since he had been discharged after that incumbency. This Court held that whatever may have been the conduct which brought about Arthur's discharge in March, 1919, it could not blot out that he had actually served more than 3 years. Arriving at that conclusion we did not then send the record back for any discretionary procedure on that part of the City of Pittsburgh, but we peremptorily declared that what had been done below was improper and illegal, and ordered the reinstatement of the policeman Arthur.

Similarly here, there is no discretionary act required of the Borough of Sayre. It exercised its discretion and came to an improper and illegal result. This Court should correct that illegality. In the *Arthur* case, Chief Justice MAXEY said that the decision of the lower court in affirming the dismissal of the policeman did "violence to logic, to the language of the cited section 5(A) of Rule 7 of the Civil Service Commission of Pittsburgh, and to the spirit of the Civil Service Law."

It may also be said in the case at bar that the action of the lower court did violence to logic and to a statute of the legislature of the Commonwealth of Pennsylvania. That statute, as already indicated, declares as clearly as the English language can phrase it, that when a person serves his country as a soldier and then applies for a public position, after passing the required civil service examination, the appointing power "*shall* give preference to such soldier, notwithstanding that his name does not stand highest on the eligible or promotional list." (Emphasis supplied).

This direction is mandatory. The appointing power *shall* give preference. Under this section of the Act

Bobick would have been entitled to the vacant police position even if his name had not stood highest on the eligible list. How much more so is he entitled to the policeman's badge when, after receiving the additional 10 points also provided by law, his name did stand highest on the eligible list.

The record clearly reveals the following: There is a duly constituted police force in Sayre; the Council of Sayre certified a vacancy on that police force and requested the civil service commission to certify qualified applicants; the commission did certify the names of applicants who had successfully passed the examination; the police committee of the borough unanimously recommended the appointment of Bobick who had passed the civil service examination; the council met to make an appointment to the vacancy caused by the resignation of Fedorka; the Veterans' Preference Act, supra, mandatorily requires that once an appointing power decides to make an appointment, and the council here did decide to make an appointment, the appointment must go to the person who qualifies as a military veteran.

With this undisputed situation, there was nothing left in law for the court below to do but to grant the writ. The reward which the Legislature of this Commonwealth has prescribed for those who serve their country in the military, has too long been denied the plaintiff in these proceedings.

The judgment of the court below, therefore, should be reversed, and the record remanded with directions that a writ of mandamus issue to the appropriate authorities of Sayre so that the plaintiff, Andrew Bobick, may assume the duties of the office of borough patrolman which the law already states is his.

Mr. Justice COHEN and Mr. Justice ROBERTS join in this dissenting opinion.