## Sprankle v. Pennsylvania Department of Welfare

*Edward W. Rothman*, for plaintiff.

*Edgar R. Casper* and *Walter E. Alessandroni*, for defendant.

**432**

KREIDER, P. J. November 29, 1967.—We have before us the preliminary objections of the Pennsylvania Department of Public Welfare and Jack B. Kremens, Superintendent of Haverford State Hospital, defendants, to the complaint in mandamus filed by Edwin W. Sprankle, in which plaintiff seeks to compel defendants to make available to him for inspection purposes and copying all papers and medical records of the hospital pertaining to the treatment, diagnosis and prognosis of plaintiff who was formerly a patient in the Haverford State Hospital.

Plaintiff asserts that he has a property interest in the contents of these papers and that defendants are unlawfully depriving him of his right to inspect and copy them. The complaint does not set forth any reason for plaintiff's demand.

In support of their preliminary objections, defendants contend, inter alia: (a) that the Secretary of Public Welfare may claim executive immunity with respect to patients' records; (b) such records are the property of the Commonwealth, subject only to a limited property interest in the patient with respect to the disclosure of facts relevant and material to actual litigation; (c) the patients' records are by statute protected against inspection by others than designated by the director of the appropriate State facility.

The Secretary of Public Welfare asserts that his department has maintained a consistent policy in regard to the disclosure of information contained in patients' records in the files of the Commonwealth's mental institutions, and that this policy is that it would be contrary to the public interest to make *unrestricted* disclosure of any patient's file. The leading Pennsylvania case on the production of medical records of patients at State clinics or State sanatoria is Marks' Appeal, 121 Pa. Superior Ct. 181 (1936). There the court, in a scholarly opinion written by President

Judge Keller, reversed the court below and upheld the Superintendent of the Bureau of Infectious Diseases of the City of Pittsburgh who refused, on the advice of the city solicitor, to produce records showing when the assured was reported as being tubercular, on the grounds that to do so would be against public policy.

In the instant case, defendants vigorously contend that it would be contrary to public policy to disclose on an uncontrolled, nonselective basis, the hospital records concerning the mental illness and treatment of plaintiff. They assert that the diagnosis and treatment of mental disease depend to a great degree upon the availability of complete and accurate information concerning the patient's environment, his relationship with his family and others and full disclosure of the most intimate details of the patient's life; and that without complete and uninhibited cooperation by all persons capable of throwing light on a person's life and condition, the task of the diagnostician may be made more difficult and inaccurate. Defendants aver that it is the considered judgment of the officials of the Department of Public Welfare charged with responsibility for conduct of the Mental Health Program, that if the department did not strictly enforce the policy of nondisclosure of such files, it would soon become difficult to obtain adequate information concerning patients, thereby rendering more difficult the discharge of the department's responsibilities. Defendants further assert that knowledge of disclosure in any given case will tend to dry up potential sources of future information in other cases, and, therefore, adversely affect the public interest in the cure of mental illness.

In view of the disposition we shall make of this case, it is not necessary to consider the contention of defendants that this proceeding should be dismissed because the Mental Health and Mental Retardation Act

of October 20, 1966, P. L. 6, sec. 602, 50 PS §4602, provides that a record "shall be open to inspection and examination only to those persons designated by the director of a facility at which such person has been admitted or committed. . . ." Plaintiff contends this act is not made retroactive and, therefore, is inapplicable to the case at bar, citing the Pennsylvania Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 56, 46 PS §556, which provides that "No law shall be construed to be retroactive unless clearly and manifestly so intended by the Legislature".

In a supplemental memorandum filed on the behalf of the Department of Public Welfare, it is averred that "The defendant has been willing to make patients' records available to patients' attorneys when such patients are involved in litigation and to patients' physicians for the purposes of treatment". It should be noted, moreover, that defendants made plaintiff's commitment papers available to his attorney.

Plaintiff's counsel contends, nevertheless, that since he would be entitled to all the records in question under the discovery and inspection rule, Pennsylvania Rule of Civil Procedure 4009, if plaintiff were engaged in actual litigation, he should be entitled to have them now. We think this claim is too sweeping and overlooks the limitations imposed on the scope of discovery and inspection by Pa. R. C. P. 4007(a) and 4011. The fact remains that plaintiff does not aver in his complaint that he needs the information requested for purposes of litigation. The complaint is silent in this regard, as heretofore stated.

No Pennsylvania authority on the pivotal issue presented is cited by plaintiff in his brief and the landmark case of Marks' Appeal, supra, is not considered. Plaintiff relies on Wallace v. University Hospitals of Cleveland, 164 N. E. 2d 917, (Ohio Common Pleas) (1959), decided by the Common Pleas Court of Cuya-

hoga County, Ohio. There, a former hospital patient filed a petition for a mandatory injunction to compel defendant hospital to furnish her with a copy of the hospital records in her case. Prior thereto, plaintiff had brought suit against another person and desired to obtain detailed information concerning her injuries and treatment pursuant to a determination of the question of damages. The court, without citing any authority, granted the relief prayed for and disposed of the question now before us in a single paragraph, as follows:

"Considering the third defense, it is true that the original Hospital records are the property of the Hospital. Since they include the records of all births, deaths, nature and length of treatment and other information, their maintenance and custody is essential to the proper administration of the Hospital. However, it is also true that a patient has a property right in the information contained in the record and as such is entitled to a copy of it. Plaintiff's or her physician's access to these records might at sometime be a decisive factor in her future medical treatment. To an attorney and his expert the record can illuminate question of damage in a pending claim".

The Wallace case can be readily distinguished from the instant one. There, plaintiff had instituted suit prior to seeking a mandatory injunction against the hospital. Here, no suit is pending. There, so far as that case discloses, plaintiff had not been confined previously in a mental institution, as in the present case. We think the right to secure a copy of the hospital records which the court recognized in Wallace is outweighed in the circumstances of the instant case by public policy.

In Bobic v. Fitzgerald, 416 Pa. 588, 591 (1965), the Supreme Court of Pennsylvania stated:

436

"It is settled beyond question (a) that mandamus, an extraordinary writ, is not granted as a matter of right but as a matter within the sound discretion of the court (Lhormer v. Bowen, 410 Pa. 508, 513, 514, 188 A. 2d 747; Carver v. Upper Darby Civil Service Commission, 399 Pa. 498, 501, 502, 161 A. 2d 374) and (b) mandamus should issue only 'when the complaining person has a clear, legal right in the premises and the defendant has a clear, legal duty which he has refused to perform' (Zaccagnini v. Vandergrift Borough, 395 Pa. 285, 289, 150 A. 2d 538)".

For the foregoing reasons, we are of the opinion that plaintiff's right to mandamus is not clear and that his complaint should be dismissed.

ORDER

And now, November 29, 1967, defendants' preliminary objections in the nature of a demurrer are sustained and plaintiff's complaint in mandamus is dismissed.