Municipality of Penn Hills Civil Service Commission, Appellant v. Robert A. Alexander, Robert Mack, John DeRiggi and Frank Meyers, Appellees.

Argued October 6, 1983, before Judges WILLIAMS, JR., BARRY and BLATT, sitting as a panel of three.

*Alfred C. Maiello*, for appellant.

*Bruce E. Dice, Zimmer & Dice*, for appellee, Robert Mack.

*James D. Zimmer, Zimmer & Dice*, for appellee, Jack McCrory.

OPINION BY JUDGE BLATT, January 26, 1984:

This case comes here on appeal from an order of the Court of Common Pleas of Allegheny County which reversed the order of the Municipality of Penn Hills Civil Service Commission (Commission) and ordered instead that Commission's eligibility list for police lieutenant and sergeant be voided and that the promotions of two individuals to the rank of sergeant be rescinded.

In April of 1981, the Commission decided to promote four police officers to lieutenant and three police officers to sergeant and advertised for qualified applicants. It then administered written and oral examinations and then published a notice to applicants to submit their personnel files. Finally, it prepared eligibility lists, certified the top four names from the sergeant list, and promoted to sergeant the two highest scoring applicants. Thereafter, Robert A. Alexander, Robert Mack, John DeRiggi, and Frank Meyers (appellees) filed an appeal to the common pleas court, claiming that the performance evaluation section of the examination was in violation of both the Rules and Regulations of the Commission and in violation of Section 630 of the First Class Township Code[1] because the Commission failed to print and distribute the precise method which it utilized to allocate a possible thirty points that an applicant could receive pursuant to Section 602(c) of the Rules and Regulations. The court below remanded the case to the Commission for a full hearing. At this time, Jack McCrory (another appellee) requested a hearing before the Commission regarding the same issue. The Commission denied all claims and appeals were then taken to the court, which consolidated McCrory's appeal with the others, and reversed the Commission. The instant appeal ensued.

Our standard of review is limited to determining whether or not constitutional rights were violated, an error of law was committed, or necessary findings of fact are unsupported by substantial evidence. *Brown v. Department of Transportation*, 34 Pa. Commonwealth Ct. 461, 383 A.2d 978 (1978).

Section 635 of the Code[2] provides, in pertinent part, as follows:

---

[1] Section 630 of The First Class Township Code (Code), Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. 55630.

[2] 53 P.S. 55635.

The commission shall make rules and regulations to be approved as provided in section 630 hereof, providing for the examination of applicants for positions in the police force and as paid operators of fire apparatus and for promotions, which rules and regulations shall prescribe the minimum qualifications of all applicants to be examined and the passing grades.

And, Section 630 of the Code[3] provides, in pertinent part, that:

The commission shall have power to prescribe, amend and enforce rules and regulations for carrying into effect the provisions of this subdivision and shall be governed thereby. . . . All rules and regulations and modifications thereof shall be printed for public distribution at the expense of the township.

Pursuant to these statutory mandates, the Commission formulated its Rules and Regulations. Specifically, it adopted Section 602, of the said Rules and Regulations which provides as follows:

602. *Examinations for Sergeant, Lieutenant, Captain and Chief.* The examination for the position of Sergeant, Lieutenant, Captain and Chief of Police shall consist of three parts, namely:

a. A written examination which shall include a test of police knowledge and performance, a test to measure knowledge of Supervisory and command responsibility, and such other written tests as the Commission may, from time to time, designate.

b. An oral examination.

c. An evaluation of the service rating or performance record of the applicant.

---

[3] 53 P.S. 55630.

The examination shall be graded on a scale of one hundred per cent (100%) and shall be weighted as follows:

a. For the written portion of the examination, a total of fifty (50) points; and

b. For the oral examination, a total of twenty (20) points; and

c. For the evaluation of service rating or performance record of the applicant, a total of thirty (30) points.

Specifically at issue here is part (c), which addresses the allocation of the thirty points, of Section 602. The Commission utilized a precise method of distributing the possible thirty points to each applicant. It deducted, for example, points or fractions thereof, for such things as suspensions, reprimands, an absence of graduate or undergraduate degrees, and, among other things, service less than twenty years on the basis of experience as opposed to any seniority. The Commission claims that both the creation of this unique, elaborate system and its publication are within its discretion. They cite *Carver v. Upper Darby Civil Service Commission*, 399 Pa. 498, 161 A.2d 374 (1960) to support their legal argument.

In *Carver*, a disappointed applicant for a sergeant's position attacked, *inter alia*, the manner in which a civil service examination was graded. Our Supreme Court rejected the claim, holding that "It is not the Court . . . to substitute its judgment for the judgment of the Commission in matters discretionary with the Commission." *Id.* at 501, 161 A.2d at 376. The Commission's reliance on *Carver* here, however, is misplaced. The issue here is not whether the Commission has the discretionary power to allocate the thirty points of the performance evaluation section of the examination, but whether or not the system utilized to allocate the points must be promulgated ac-

cording to Section 630 of the Code, which specifically requires that all rules and regulations *shall* be printed for public distribution. Although we do not question the propriety of the criteria utilized by the Commission for allocating the thirty points, Section 630 of the Code clearly requires that such information may not remain secret and within the exclusive knowledge of the Commission.

We will, therefore, affirm the order of the court below.

### Order

And Now, this 26th day of January, 1984, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.