## Ambrose v. Dupont Borough

*Scott A. Herlands,* for plaintiff.
*Joseph V. Kasper,* for defendant.

PODCASY, *J.,* November 8, 1984—This is an action in mandamus in which plaintiff, who was replaced as a police officer of Dupont Borough in July, 1983, seeks to obtain reinstatement, together with recovery of back pay, interest thereon, and reasonable counsel fees. Defendants have interposed preliminary objections, plaintiff has filed a reply there-

to, and we now have before us the question of proper disposition of the preliminary objections. Defendants, in addition to the Borough of Dupont, are the mayor, the chief of police, and the members of the borough council.

Plaintiff's complaint avers that he was hired as "a police employee" of the Borough of Dupont on May 1, 1981, and involuntarily terminated on July 12, 1983, that the termination was without just cause, without written notice of the charges against him, without hearing, and for political reasons. He avers that a hearing was requested on November 23, 1983, and the request denied. He bases his cause of action on "the Act of June 28, 1968, No. 111", and states in his prayer for relief that he is without adequate remedy at law.

Defendants' preliminary objections consist of a demurrer, a motion for a more specific pleading, and a motion to strike. We shall deal first with the demurrer.

The initial ground on which the demurrer is based is that plaintiff has incorrectly cited "the Act of June 28, 1968, no. 111" rather than the Act of June 24, 1968, no. 111. Plaintiff, in his reply to the demurrer, admits that the citation was incorrect as stated, and that he had intended to cite the Act of June 24, 1968, no. 111.

Defendants then go on to aver that the Act of June 24, 1968, no. 111, has no application to plaintiff's situation, because it applies only where there is a collective bargaining agreement, which is nonexistent between the Borough of Dupont and its policemen. Plaintiff, in his reply to the demurrer, admits that the act in question is, in fact, inapplicable for the reason stated by defendants.

The demurrer goes on to assert that mandamus will not lie because plaintiff has not exhausted his

administrative remedies by going to arbitration, as provided for in the act in question, and because he has an adequate remedy at law. Plaintiff, in his reply to the demurrer, admits again that the Act of June 24, 1968, no. 111, has no application to his case, but avers that he nevertheless has a valid action in mandamus because the statutory and case law governing his situation, consisting of the "Police Tenure Act" and cases decided thereunder, provides him with a legal right to a hearing and reinstatement.

A variety of further objections are set forth in defendants' demurrer, to the effect that plaintiff's discharge was a matter within the discretion of the borough council, that plaintiff has failed to plead the existence of an immediate, specific right to a hearing and to reinstatement, that plaintiff is not and never was a "full time police officer" within the meaning of the Police Tenure Act, thereby being ineligible for the protection of the tenure provisions afforded by said act, that the Borough of Dupont has no "police force" within the meaning of the civil service provisions of the borough code, thereby being rendered not subject to the tenure provisions of the borough code, and that the Borough of Dupont, having no "full time police officers", has no legal obligation to establish a Civil Service Commission, and has therefore set up no such commission capable of conducting the hearing requested by plaintiff.

In replying to these averments, plaintiff asserts that "the actions of Dupont Borough Council in discharging police officers, in particular, Joseph Ambrose, constitutes a ministerial function", that plaintiff was a "full time police officer" within the meaning of the Police Tenure Act and thus entitled to the protection of the provisions of that act, and that the Borough of Dupont does, in fact, have a

"police force" within the meaning of the borough code.

Plaintiff's reply in response to defendants' averment that the Police Tenure Act has no application to plaintiff's situation, denies the averment. In the next ensuing paragraph of his reply, plaintiff, in response to defendants' averment that the civil service provisions of the borough code have no application to plaintiff's situation, denies that averment.

Pa. R.C.P. 1095, relating to the required averments in a complaint in mandamus, mandates that plaintiff shall set forth in the complaint "the want of any other adequate remedy at law." Defendants' demurrer avers that plaintiff has an adequate remedy at law, but does not specifically object to plaintiff's failure to aver non-existence of such a remedy. This specific objection is, however, raised by defendants' counsel in his argument brief. We find the objection to be without merit, for two reasons: (1) interposition of an objection to the contents of a complaint must be made in the preliminary objections filed rather than in counsel's argument brief; and (2) the assertion in plaintiff's prayer for relief that he is without an adequate remedy at law is, in our opinion, an adequate compliance with the mandate of Pa. R.C.P. 1095.

Plaintiff admits that his claim, as stated in his complaint, is based on a statute which has no application to his case. In view of this, we are at a loss to understand why he did not simply file an amended complaint. The assumpsit rules relating to the filing of an amended complaint apply to actions in mandamus by virtue of Pa. R.C.P. 1091, and plaintiff therefore had the right, under Pa. R.C.P. 1028 (c), to file an amended complaint within ten days after service of a copy of defendants' preliminary objections. As matters now stand, the complaint is still

clearly defective, for allegations in plaintiff's reply to defendants' preliminary objections are not a satisfactory substitute for allegations which belong in a complaint.

Plaintiff, in paragraphs 9 and 10 of his reply to defendants' demurrer, first denies that the Police Tenure Act is inapplicable to his situation, and then goes on to deny that the civil service provisions of the borough code are inapplicable to his situation. By denying the inapplicability of both the Police Tenure Act and the civil service provisions of the borough code, plaintiff is, in effect, asserting that both are applicable to his case. This is clearly impossible, for the Police Tenure Act applies solely to municipalities which have less than three full time police officers, whereas the civil service provisions of the borough code apply solely to municipalities which have three or more full time police officers. The Borough of Dupont is either one or the other. It cannot be both.

If plaintiff has any valid claim cognizable in an action of mandamus, it clearly must rest either on the Police Tenure Act or on the civil service provisions of the borough code. If plaintiff was not sure which act applies, because of uncertainty as to the number of full time police officers employed by the Borough of Dupont, he should have made his averment in the alternative, first that the borough had less than three regular full time police officers, being thereby governed by the Police Tenure Act, or, in the alternative, that the borough had three or more regular full time police officers, being thereby governed by the civil service provisions of the borough code. Clearly one of the two acts must apply to plaintiff's situation, if he is able to establish that he was, in fact, a "regular full time police officer" at the time of his discharge.

Inasmuch as plaintiff's tenure rights, if they exist, depend upon whether he was or was not a "regular full time police officer" at the time of his discharge, it is clear that a properly drawn complaint should have included the essential averment that he was such an employee. Act of June 15, 1951, P.L. 586, §2, as amended, 53 P.S. §812; Rescinite v. Breen, 15 Cambria 1 (1952). The averment is lacking in the complaint, but is supplied by plaintiff's reply to defendants' demurrer. This is not the proper method to plead a cause of action.

We cannot agree with plaintiff's contention, as set forth in his reply to defendants' demurrer, that a borough council, in discharging a police officer, is carrying out a "ministerial" function. Quite the contrary. The borough code specifically gives council the right to remove, suspend, or reduce in rank, any borough policeman upon a showing, by clear and convincing evidence, that there exists one or more of the six specific permissible reasons for removal, suspension, or reduction in rank enumerated in the civil service provisions of the borough code. Act of Feb. 1, 1966, P.L. (1965), No. 581, sections 1121 and 1190, 53 P.S. 46121 and 46190; In Re: Templeton, 399 Pa. 10, 159 A.2d 725 (1960). On any given state of facts, if one of the specified reasons is found to exist, the council can either remove the officer, suspend him, reduce him in rank, or do none of these things. It is a matter within council's discretion. Masemer v. Borough of McSherrystown, 34 D.&C. 2d 669 (1964). The establishment of the Civil Service System did not deprive a borough council of this discretionary power, but merely prescribed and limited the conditions under which such power could be exercised. Bragdon v. Ries,

346 Pa. 10, 29 A.2d 40 (1942); Suspension of Laux, 77 D.&C. 211 (1951).

Defendants observe in their demurrer that the Borough of Dupont has no "police force". We are not sure precisely what is meant by this observation, for it is hard to imagine that any borough has no "police force" in the ordinary meaning of that term. If defendants are intimating that the Borough of Dupont has not passed an ordinance creating a "police department" as such, and if they are attaching significance to the lack of such a "department", we find ourselves in complete disagreement with their position. Failure to set up a "police department" does not deprive a dismissed police officer of the protection afforded him by the civil service provisions of the borough code. Resseguie v. Lewisburg Borough, 29 D.&C. 83 (1962).

In the final analysis, the crux of the issue before us is the question whether mandamus is the proper remedy. We are of the opinion that it is not.

A writ of mandamus will issue only to compel performance of a ministerial or mandatory duty where there exists a clear legal right in plaintiff, a corresponding duty in defendant, and the want of any other adequate remedy. Shaler Area School District v. Salakas, 494 Pa. 630, 432 A.2d 165 (1981). It is a remedy to be used as a last resort rather than as a common mode of redress. Suburban Group, Inc. v. Gittings, 22 Pa. Commw. 295, 348 A.2d 490 (1975).

Prior to 1941, police officers employed by a borough had no civil service or job tenure rights, and were subject to peremptory removal by borough council. The Police Civil Service Act of June 5, 1941, P.L. 84, 53 P.S. §53251, changed this for boroughs employing three or more regular full time police officers, prohibiting dismissal except for certain causes specified in the statute, and requiring writ-

ten notice of charges and public hearing thereon. All of these provisions of the Act of 1941 have since been reenacted as a part of the borough code.

In 1951, the legislature passed the Police Tenure Act of June 15, 1951, P.L. 586, 53 P.S. §811-815, which extended the dismissal procedures of the Act of 1941 to police forces of less than three members. Under the Act of 1951 a regular full time police officer may be dismissed only for the causes specified therein, and he is entitled to written notice of charges and public hearing thereon, as required by the Act of 1941 in reference to boroughs employing three or more full time officers.

It is unquestionably the law that a policeman who performs normal police functions when on duty, and who is regularly on call twenty-four hours of the day is a "regular full time police officer" within the meaning of the Police Tenure Act even if he works only a limited number of hours per week and holds down a full time job elsewhere when not on his regularly assigned duty hours. Petras v. Union Township, 28 D.&C. 2d 687 (1962), affirmed per curiam 409 Pa. 416, 187 A.2d 171 (case 2).

The civil service provisions of the borough code, which apply to boroughs having a police force of three or more regular full time officers, do not use the term "regular full time police officer", stating instead that the size of the police force is to be determined by counting the total of those police officers who "devote their normal working hours to police duty", and who are paid a stated "salary or compensation" for such work. Both parties agree that only regular full time officers are to be included in the count, and we agree with this interpretation of the statute.

It is obvious that, if a determination is to be made whether a case falls within the civil service provi-

sions of the borough code, on the one hand, or within the provisions of the Police Tenure Act, on the other hand, a uniform method of determination of the number of officers to be included in the "police force" must be employed, and we believe that the guidelines set forth in Petras are those to be applied. We must therefore conclude that, if plaintiff were to be successful in proving that he is indeed a "regular full time police officer", he was entitled to a written statement of charges and a public hearing thereon prior to his discharge.

We do not agree with defendant's contention that plaintiff is necessarily excluded from the "regular full time police officer" category simply because he was paid on an hourly basis, had limited regular duty hours per week, and held down another full time job. Droz v. Borough of Brownstown, 43 D.&C. 2d 205 (1967). If his duties while at work for the borough were normal police duties, and if he was on call 24 hours per day, apart from his vacation periods, we would consider him to have been a "regular full time police officer," entitled to the protection of the tenure provisions of either the civil service section of the borough code or the Police Tenure Act, whichever statute is found to be applicable.

From the above it is apparent that if we were to allow plaintiff the opportunity to amend his complaint so as to clearly set forth his cause of action, and if plaintiff were then able to furnish the proof essential to sustain the cause of action, plaintiff might well be found to be entitled to reinstatement and back pay, for the Dupont Borough Council would have had no right to discharge him for political reasons and no right to discharge him for any reason whatsoever without providing him with a written statement of charges and a public hearing on those charges, in the absence of a showing of a

good faith reduction of force for reasons of economy. Almy v. Borough of Wilkinsburg, 53 Pa. Commw. 46, 416 A.2d 638 (1980); Scaccia v. Old Forge Borough, 373 Pa. 161, 94 A.2d 563 (1953).

Unfortunately for plaintiff, we are of the opinion that he has ignored the readily available remedy of appeal afforded by both the civil service provisions of the borough code and the like provisions of the Police Tenure Act. Each act affords him the right of direct appeal to the court of common pleas in the event of wrongful dismissal. This remedy he chose not to exercise. We cannot permit him to circumvent the time limitations allowed for an appeal. On this point we find Stull v. Robinson, 49 Commw. 96, 411 A.2d 270 (1980) controlling, despite the apparently contrary lower court opinion in Starry v. Petrash, 70 Sch. L.R. 89 (1974).

Where a statutory right of appeal exists, as here, it must be exercised in preference to the extraordinary remedy of mandamus. Gingrich v. City of Lebanon, 65 D.&C. 2d 704 (1974).

We do not agree with plaintiff's contention that he is entitled to resort to mandamus simply by inserting an allegation that he was discharged for political reasons. If the discharge was, in fact, for political reasons, he could have had the discharge set aside be means of appealing directly therefrom.

The pleadings indicate that plaintiff was discharged on July 12, 1983, and that his request for hearing was denied on November 23, 1983, approximately eight months and four months, respectively, prior to commencement of his suit in mandamus. Under the circumstances, we can only conclude that these proceedings were instituted primarily as a means of circumventing the 60 day appeal period set forth in the borough code, or the 30 day appeal period set forth in section 5571 of the

Judical Code, 42 Pa. C.S. §5571. Ecott v. Warrington Twp., 19 D.&C. 3d 176 (1981); Haupt v. Falls Twp., 12 D.&C. 3d 48 (1979). We cannot allow an appeal period to be so readily bypassed.

Appeal periods are exclusively matters for the legislature, and must be strictly observed. Bell Appeal, 396 Pa. 592, 152 A.2d 731 (1959). This court has no power or jurisdiction to extend the period within which an appeal can be taken, in the absence of a showing of fraud or its equivalent, or some breakdown in the court's operation. In Re: Appeal of Girolamo, 49 Pa. Commw. 159, 410 A.2d 940 (1980). Neither such element exists here. When plaintiff was notified that his request for a hearing was denied, such notification became a final order of dismissal, from which he then had an immediate right of direct appeal.

In view of our decision on the demurrer, we do not find it necessary to discuss the motion to strike or the motion for a more specific pleading. We will state in passing, however, that neither a mayor nor a chief of police has any power to dismiss a police officer, nor is that power vested in councilmen as individuals. We will also state that mandamus is a totally inappropriate proceeding to be utilized for the purpose of obtaining any recovery from a mayor, a chief of police, and/or councilmen in their individual capacities for acts committed by them in an effort to deprive a police officer of his position for political reasons.

## ORDER

It is hereby ordered, adjudged and decreed as follows:

(1) Defendants' demurrer is sustained;

(2) No decision is rendered in reference to defendants' motion to strike and/or defendants' motion

for a more specific pleading, said motions have been rendered moot by the sustaining of the demurrer; and

(3) The Prothonotary of Luzerne County is directed to mail notice of entry of this order to all counsel of record pursuant to Pa. R.C.P. 236.