## Gallagher, Appellant, *v.* Springfield Township Board of Commissioners.

Argued November 18, 1969.   Before BELL, C. J.,
JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY,
JJ.

*Joseph P. Mylotte* and *Stephen J. McEwen, Jr.,*
with them *McEwen & McEwen,* for appellant.

*Howard Saul Marcu,* for appellee.

OPINION BY MR. JUSTICE POMEROY, April 22, 1970:

Appellant John F. Gallagher sought a writ of man-
damus to compel appellees, the Springfield Township
Board of Commissioners, to permit him to serve in the
position of Township patrolman to which he had been
allegedly appointed.   From the order entered below
refusing to grant the writ, he brought the instant
appeal.

The facts of this case, as found by the court below,
are as follows: In February, 1966, appellant took, and
passed, a competitive examination conducted by the
Township Civil Service Commission to determine his
qualifications for the position of township policeman.
In April of that year, he was notified by the Township
that his name was first on the list of eligible candi-
dates, but during the remainder of 1966 he was found
physically ineligible for appointment to the police force
because of a wrist injury from which he had not fully
recovered.   The eligibility list on which appellant's
name appeared was to expire on February 18, 1967, but,
on February 12, 1967, the Township Public Safety Com-

mittee met with appellant to discuss the possibility of his appointment prior to that date. At that meeting one of the members of the Public Safety Committee indicated to appellant that the Committee had doubts about his responsibility in driving public and private vehicles because of certain reports it had received concerning previous reckless driving. Nevertheless, the Committee recommended to the Board of Township Commissioners that he be appointed. On February 14, 1967, the Board passed a motion appointing appellant as a police officer. The following day he was issued a uniform, but not a badge, gun or identification card. He was scheduled to take the oath of office and commence his duties as a police officer on February 28, 1967, but for the reasons indicated below this has never occurred.

On February 22, 1967, appellant was involved in an automobile accident. The accident occurred as appellant, who was a lieutenant in the Springfield volunteer fire company, was driving toward the Township fire station in response to a fire alarm. Proceeding at a rate of speed in excess of the posted limit, appellant swerved to avoid two children crossing the street and struck a vehicle parked in a lot on the side of the street.

The following evening the Township Public Safety Committee and Civil Service Committee met in the presence of appellant to investigate the accident, and on February 24, 1967, appellant was informed that the Board of Commissioners had decided not to go through with his appointment. He thereafter brought this action to compel them to do so.

In addition to the facts set forth above, the court below found that at the time the Board of Commissioners voted to appoint appellant, no vacancy in fact existed on the police force and that the appointment was made, not to fill an existing vacancy but rather to avoid

the necessity of reexamining appellant (due to the expiration of the eligibility list resulting from the 1966 civil service examination) before again considering him for appointment. Relying primarily upon this fact, the court concluded that the required procedure for making appointments to the police force set forth in Article VI, §638 of The First Class Township Code, Act of June 24, 1931, P. L. 1206, as amended, 53 P.S. §55638, had not been followed.[1] Under that section the civil service commission is required to certify the names of persons eligible for appointment to the police force only after the township commissioners notify it of a vacancy to be filled and request the certification of a list of eligibles. Mindful of the statement of this Court in *McCartney v. Johnston*, 326 Pa. 442, 446, 191 Atl. 121 (1937): "[s]o that purpose [of civil service laws] may be realized, the statutory provisions regulating appointments call for strict compliance with the terms of the acts," and the holding in *Detoro v. Pittston*, 344 Pa. 254, 25 A. 2d 299 (1942), that one seeking a writ of mandamus to compel his reinstatement to a civil service position has the burden of showing compliance

---

[1] Section 638 of the Code provides in relevant part: "Every position or employment in the police force . . . shall be filled only in the following manner: the township commissioners shall notify the commission of any vacancy which is to be filled and shall request the certification of a list of eligibles. The commission shall certify for each existing vacancy from the eligible list the names of three persons thereon who have received the highest average. The township commissioners shall, thereupon, with sole reference to the merits and fitness of the candidates, make an appointment from the three names certified unless they make objections to the commission as to one or more of the persons so certified for any of the reasons stated in section 637 of this subdivision. Should such objections be sustained by the commission, as provided in said section, the commission shall thereupon strike the name of such person from the eligible list and certify the next highest name for each name stricken off. As each subsequent vacancy occurs in the same or another position, precisely the same procedure shall be followed."

with the civil service law in his appointment and thereby establishing his de jure civil service status, the court below held that appellant had not proved a valid appointment, since there was no evidence that there existed an available vacant position to which he was appointed. It therefore concluded that appellant was without the protection of the civil service tenure provisions, and accordingly was not entitled to the writ.

While the failure to comply with the civil service appointment procedure in the *Detoro* case was of a far more serious nature than that in the instant case, we hold that the court below was correct in concluding that appellant had not established his right to a writ of mandamus. It must be remembered that, "[m]an-damus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory. duty where there is a *clear* legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy." *Unger v. Hampton Township*, 437 Pa. 399, 263 A. 2d 385 (1970); *Boslover A.A.B. Ass'n. v. Philadelphia Authority*, 425 Pa. 535, 538, 229 A. 2d 906 (1967); *Travis v. Teter*, 370 Pa. 326, 330, 87 A. 2d 177 (1952). In order to establish a clear legal right to a position on the police force, appellant was required, under the cases correctly relied upon by the court below, to prove that he had been appointed to that position and that the appointment had complied with the procedure set forth in the applicable civil service law. *Manning v. Millbourne Borough Civil Service Commission*, 387 Pa. 176, 127 A. 2d 599 (1956).[2]

Not only was the court justified in finding that no vacancy existed in the township police force on Feb-

---

[2] Appellant contends that the pretrial order limited the issues in the case to the finality of appellant's appointment, and that the question of vacancy was improperly considered by the court below. The record contains no pretrial conference order as such, but does

ruary 14 when the Board of Commissioners adopted their motion to appoint appellant, but it seems clear that the appointment itself had not become final before it was revoked. While the record does not contain the minute which records the appointment motion, it is evident that it was intended to be prospective. As the lower court found, on February 24, the date of rescission, appellant had not yet left his old job, had not started to work for the township, had not taken the oath of office or the loyalty oath, and had not been supplied with an identification card or a badge or a gun. There is no suggestion that he had been placed on the payroll of the Township. Whatever the rights of the parties during the six months probationary period following appointment (53 P.S. §55640),[3] we agree with appellee's contention that the Commissioners could rescind their motion of appointment at any time before the appointee assumed office.

Order affirmed.

Mr. Justice COHEN concurs in the result.

Mr. Justice ROBERTS concurs in the result on the ground that appellant had not yet been finally appointed.

_____

contain, a pretrial conference report by the Deputy Court Administrator. The docket entries indicate that this report was approved by the court. The report did not purport to delineate the specific issues for determination. It contained a statement of agreed facts which did not include any mention of the vacancy question, but there is nothing in the report which limits the parties to proof of the facts therein set forth. When a pretrial order is made as to the scope of trial, it is usually for the purpose of "limiting the issues for trial to those *not* disposed of by admissions or agreements of the attorneys." (Emphasis supplied.) See Pa. Rule of Civil Procedure 212. The vacancy issue was in that category.

[3] If an appointment were to be considered completely effective before the commencement of actual service, we can envision situations in which considerably less than the 6 months statutory probation period would be available for evaluation of the appointee's performance.