## Ardmore Manor Civic Association
## v. Robinson

*David S. Markson* and *Walter W. Strine, Jr.*, for plaintiffs.

*A. Leo Sereni*, for defendants.

*Robert E. J. Curran,* for intervenor.

DEFURIA, J., December 13, 1971.—This mandamus action was commenced by plaintiffs to compel defendants in their capacity as the Zoning Hearing Board of Haverford Township to hear an appeal from the grant of a building permit by the Haverford Township building inspector to the intervenor, John Buckley, in order to construct garden apartments on a 12-acre tract in Haverford Township.

The tract in question was rezoned by the Township of Haverford by ordinances dated April 13, 1970, which were adopted after public notice and hearings.

Previously, plaintiffs in a separate action, (Ardmore Manor Civic Association et al. v. Township of Haverford, No. 5087 of 1970), challenged the procedure by which the ordinances were adopted. The Commonwealth Court affirmed the decision of this court in favor of the township defendant, sustaining the procedural validity of the ordinance.

The complaint in mandamus before us avers that on February 17, 1971, a building permit was issued with respect to the 12-acre tract to construct garden type apartments; that on March 19, 1971, plaintiffs appealed to the Zoning Hearing Board challenging the substantive validity of the ordinances which rezoned the property involved. On April 14, 1971, defendants in their capacity as the Zoning Hearing Board issued a report and order rejecting the appeal.

This action in mandamus was commenced on May 20, 1971, or 36 days after notice of the rejection of said appeal.

Defendants and the intervenor each have filed preliminary objections attacking the action in mandamus, alleging the existence of an adequate remedy of law and other complaints.

These preliminary objections are for disposition now.

Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or a mandatory duty where there is clear right in plaintiff, a corresponding duty in defendant and a want of any other appropriate and adequate remedy: Gallagher v. Springfield Township, Board of Commissioners, 438 Pa. 280, 264 A.2d 699 (1970); Boslover Ahavas Achim Belzer Association v. Philadelphia Redevelopment Authority, 425 Pa. 535, 229 A.2d 906 (1967). Mandamus can never be involved in a doubtful case: Homan v. Mackey, et al., 295 Pa. 82, 144 Atl. 897 (1929); Boslover Ahavas Achim Belzer Association v. Philadelphia Redevelopment Authority, supra.

The Pennsylvania Municipalities Planning Code of July 31, 1968, (No. 247), 53 PS §10101, was adopted by the legislature to provide a single comprehensive and complete authority for municipal planning and procedure.

Plaintiffs contend in their complaint that defendants' rejection of plaintiffs' appeal with its denial of a hearing is a damage for which there is no other adequate remedy at law.

The facts, however, are to the contrary. Within the Pennsylvania Municipalities Planning Code, provision is made for appeal in 53 PS §11001:

"Zoning appeals shall include appeals from the decisions of the board of zoning appeals and appeals upon reports of the board in proceedings to challenge the validity of any ordinance or map."

However, all zoning appeals shall be filed not later than 30 days after issuance of notice of the decision or report of the board: 53 PS §11004. 53 PS §11009 provides:

"If no verbatim record of testimony before the board was made, or if upon motion, it is shown that proper consideration of the zoning appeal requires the presentation of additional evidence a judge of the court may hold a hearing to receive such evidence or may remand the case to the board or refer it to a referee to receive such evidence. Final decision of each zoning appeal shall be made by the court, or a judge thereof considering the record and the findings of fact made by the board as supplemented and replaced by findings of fact made by judge or referec. The final decision shall contain conclusions of law, and:

"(1) Where the appeal is from the decision of the board, the court may reverse, affirm or modify the decision appealed.

"(2) Where the appeal involves a challenge to the validity of any ordinance or map the court shall have power to declare the ordinance, map or any provisions thereof invalid and, in addition thereto, shall have power to: (i) enter judgment in favor of the landowner as provided in section 802, or (ii) stay the effect of its judgment for a limited time to give the local governing body an opportunity to modify or amend the ordinance or map in accordance with the opinion of the court."

It is clear that the remedy provided by the act was adequate. Appellants had but to appeal the decision or order of the board within 30 days to properly present the issue to this court. We then, since there was no record, could have decided which avenue under 53 PS § 11009 to follow.

To decide, because only 36 days elapsed after the issuance of the order before this action was commenced, that the additional six days works no burden, ignores the letter and the purpose of the Pennsylvania Municipalities Planning Code. If this circumvention

is permissible for the lapse of six days beyond the allowed 30 days, then a lapse of 100 days would be permissible.

Wherefore, we enter the following

ORDER

And now, December 13, 1971, the preliminary objections of both defendants and intervenor are sustained and the complaint is dismissed.