## Commonwealth v. Borough of Wellsboro

*Gerald Grimaud*, Assistant Attorney General, for Commonwealth.

*Robert F. Cox, Sr., Cox, Wilcox, Owlett & Lewis*, for defendant.

KEMP, P.J., July 12, 1973.—The Commonwealth of Pennsylvania filed a complaint in equity requesting a preliminary injunction on January 8, 1973.

Defendant filed preliminary objections on January 17, 1973.

A hearing was held on January 17, 1973, at which time the court entered the following order: "And now, January 17, 1973, the above proceedings are stayed for a period of thirty (30) days to allow the Commonwealth to correct the record, and to answer preliminary objections. The defendants are hereby granted twenty (20) days from the date of filing to answer any pleadings filed by the Commonwealth."

The Commonwealth filed an amended complaint requesting a permanent injunction on February 13, 1973.

Defendant filed preliminary objections on March 5, 1973.

The preliminary objections were argued before the court on June 13, 1973.

The questions raised by the preliminary objections were as follows:

1. Petition raising the defense of lack of capacity to sue.

2. Petition raising question of jurisdiction.

3. Motion for more specific complaint.

## COUNTS I, II, III OF COMPLAINT

The General Assembly of the Commonwealth of Pennsylvania saw fit to grant the court of common pleas jurisdiction under the Pennsylvania Solid Waste Management Act of July 31, 1968, P. L. 788, 35 PS §6013, which provides:

"In addition to any other remedies provided in this act, the secretary may institute a suit in equity in the name of the Commonwealth in the court of common pleas of the county where the violation or nuisance exists for an injunction to restrain a violation of this act or the rules, regulations or standards adopted thereunder and to restrain the maintenance of a public nuisance." And, in addition, and under section 6011(c): "The department may institute an action in mandamus in the court of common pleas of the county in which the municipality is located to compel compliance with an order issued under subsection (a) of this section."

Under counts I, II, and III of the amended complaint, the allegations deal with the Pennsylvania Solid Waste Management Act.

The legislature provided in Act of April 9, 1929, P. L. 177, sec. 20, as amended December 3, 1970, P. L. 834, 71 PS §510-1, that the Department of Environmental Resources shall, subject to any inconsistent provisions in this act contained, continue to exercise the powers and perform the duties by law heretofore vested in and imposed upon; subsection (15) the Department of Health by the Act of July 31, 1968, art. no. 241, known as the Pennsylvania Solid Waste Management Act.

## LACK OF CAPACITY TO SUE

The legislature granted to the court of common pleas jurisdiction in those matters provided in the Pennsylvania Solid Waste Management Act all other matters would be under the jurisdiction of the Commonwealth Court. Since the jurisdiction is granted by statute and the statute sets forth who shall institute such action, it is the opinion of this court that the capacity to bring suit rests only in those persons specifically named. In this action, the suit would be required to be instituted by the Secretary of the Department of Environmental Resources.

The Commonwealth argued that section 1901-A of the Administrative Code of April 9, 1929, P. L. 177, as amended December 3, 1970, 71 PS §510-1, subsection 6, provides that the Secretary of Health has powers pertaining to the control of nuisances and that further, under section 28 of the Administrative Code of April 9, 1929, 71 PS §510-101, gives persons other than the Secretary of the Department of Environmental Resources authority to institute actions under the Pennsylvania Solid Waste Management Act.

The Commonwealth, however, ignores paragraph 15 of 71 PS §510-1 heretofore referred to in this opinion. The opinion of this court is that the Administrative Code does not amend the Pennsylvania Solid Waste Management Act to the effect that an action in equity can be instituted by anyone other than the Secretary of the Department of Environmental Resources.

The Commonwealth ignores the Pennsylvania Rule of Civil Procedure 2002, which states the following:

"(a) Except as otherwise provided in clauses (b), (c), and (d), of this rule, all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts.

"(c) Clause (a) of this rule shall not apply to actions where a statute or ordinance provides otherwise."

If, therefore, a statute or ordinance designates a person entitled to bring an action or statute in whose name an action should be brought, it should be given full effect regardless of the real parties in interest rule: Steinert v. Galasso, 363 Pa. 393.

It would appear to this court that defendant is entitled to know who the person or persons are that are responsible for instituting any action in equity. Since it is permissible for the caption under this statute to state only the Commonwealth of Pennsylvania, it appears only equitable to this court that a defendant know who is responsible for bringing the action and to what administrative agency he may look to examine regulations regarding the particular matter.

## PETITION RAISING QUESTION OF JURISDICTION

The Pennsylvania Solid Waste Management Act provides as heretofore recited that "the secretary may institute a suit in equity in the name of the Commonwealth in the court of common pleas of the county where the violation or nuisance exists [where an ordinance] to *restrain* a violation of this act or the rules, regulations or standards adopted thereunder and to *restrain* the maintenance of a public nuisance."

It is clear that the act uses the word *restrain*, which would mean an injunction prohibiting further acts and not a mandatory injunction. If the legislature had granted the court general equity powers in this matter, it could have very easily stated that fact. The limitations placed on the equity powers of the court of common pleas of the county leads this court to believe that it has no powers to issue a mandatory injunction.

Section 6011 of the act, under section (c), provides the department may institute an action in mandamus in the court of common pleas in the county in which the municipality is located to compel compliance with an order issued under section (a) of that section.

It is, therefore, the opinion of this court that the Commonwealth has a remedy provided by statute, that being mandamus.

The writ of mandamus was one of the high prerogative writs of the King's Bench. As we have often said, it "lies to compel the performance of a ministerial act or mandatory duty where there is clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy": Travis v. Teter, 370 Pa. 326, 330, 87 A.2d 177 (1952). See also Martin v. Garnet Valley School District, 441 Pa. 502, 272 A.2d 913 (1971); Philadelphia Presbytery Homes, Inc. v. Abington Board of Commissioners, 440 Pa. 299, 269 A.2d 871 (1970); Unger v. Hampton Township, 437 Pa. 399, 263 A.2d 385 (1970); Gallagher v. Springfield Township Board of Commissioners, 438 Pa. 280, 264 A.2d 699 (1970).

The general rule is that courts have no equity jurisdiction except that conferred by the Constitution, and by statutes and they have only such equitable powers as are conferred by statute. The legislature has seen fit to provide the court with distinctive remedies under the Clean Streams Law, Pennsylvania Sewage Facilities Act, and the Solid Waste Management Act, as follows:

The Clean Streams Law of June 22, 1937, P. L. 1987, art. VI, as amended July 31, 1970, P. L. 653 (No. 222), sec. 16, 35 PS §691.601, provides:

"(a) Any activity or condition declared by this act to be a nuisance, shall be abatable in the manner provided by law or equity for the abatement of public

nuisances. . . (b) In cases where the circumstances require it or the public health is endangered, a *mandatory* preliminary injunction or *special* injunction may be issued upon the terms prescribed by the court, notice of the application therefor having been given to the defendant in accordance with the rules of equity practice, and in any such case the Attorney General, the district attorney or the solicitor of any municipality shall not be required to give bond." (Italics supplied.)

The Pennsylvania Sewage Facilities Act of January 24, 1966, P. L. (1965) 1535, sec. 11, 35 PS §750.11, provides as follows:

"Any municipality or county or joint county department of health administering the provisions of section 7 of this act shall have the power to institute in the court of common pleas of the county in which it is situated, a proceeding to restrain violations of section 7 of this act.

"When the department is responsible for enforcement of the provisions of this act in accordance with the provisions of this act, the Attorney General at the request of the secretary shall have the power to institute in the Court of Common Pleas of Dauphin County an action against any person violating the provisions of section 7 of this act, to restrain said violation. For this purpose the said Court of Common Pleas of Dauphin County is vested with jurisdiction to hear, determine and adjudicate such matter and grant such relief as is necessary and appropriate."

The Pennsylvania Solid Waste Management Act of July 31, 1968, P. L. 788, 35 PS §§6011 and 6013, provide:

"In addition to any other remedies provided in this act, the secretary may institute a suit in equity in the name of the Commonwealth in the court of common pleas of the county where the violations or nuisance

exists for an injunction to restrain a violation of this act or the rules, regulations or standards adopted thereunder and to restrain the maintenance of a public nuisance."

It is noted that the legislature provides where it thought necessary the use of mandatory injunctions and also allowed the court in those instances certain discretionary powers. The court believes by the omission of the provisions for general powers of equity and by omission of language which would grant this court powers of mandatory injunction, the legislature limited the equity powers to enforce the regulation promulgated under 35 PS §6011 to that of mandamus. In this matter, the court has before it six actions in equity requesting an injunction in which all of the requirements the Commonwealth wishes included in an order in equity are the requirements under the rules and regulations of the department. This court does not believe that the department wishes the court to exercise any discretionary powers.

It only wishes for the court to enforce the orders which the department may make as set forth in subsection (a) of section 6011, since subsection (c) provides the remedy of mandamus to enforce provisions of subsection (a). It appears to the court that the court of equity of Tioga County lacks jurisdiction of the subject matter pertaining to the mandatory injunction requested. The only jurisdiction of the court of equity of Tioga County would be that of a restraining order and/or injunction prohibiting further acts on behalf of defendant in violation of the act, or rules, regulations or standards adopted thereunder.

MOTION FOR MORE SPECIFIC COMPLAINT

In view of the court's opinion in the matter of the lack of capacity to sue and lack of jurisdiction, the

court shall not discuss the matter of more specific complaint, since it is the opinion of the court that the question is moot at this point.

## COUNT IV
## THE PENNSYLVANIA CLEAN STREAMS LAW

The Commonwealth, in their count four claims, has requested the court for a permanent injunction from discharging to the waters of the Commonwealth from the landfill of certain leachates.

The act provides that the suits to abate pollution in any waters of the Commonwealth may be instituted in equity or at law in the name of the Commonwealth, upon the relation of the Attorney General or upon relation of any district attorney of any county, or upon relation of the solicitor of any municipality affected, after notice has been first served upon the Attorney General of the intentions of the district attorney or solicitor to so proceed.

Such proceedings may be prosecuted in the Court of Common Pleas of Dauphin County or in the court of common pleas of any county, where the nuisance has been committed.

Subsection 20 of 71 PS §510-1 provides that the Department of Environmental Resources shall continue to exercise the powers and perform the duties by law heretofore vested in and imposed upon the Department of Health by the Act of June 22, 1937, P. L. 1987, known as the Clean Streams Law.

It appears to the court that the same rule would apply under the Clean Streams Law as under the Solid Waste Management Act, that the action must be instituted by the person designated to bring the action by statute.

Defendant is entitled to know whether the action was brought upon relation of the Attorney General

of the Commonwealth of Pennsylvania or the district attorney of a county or a solicitor of a municipality. The court refers to Pa. R. C. P. 1092. If not shown in the caption of the matter, which it would appear to the court, has been the historical and proper practice, the verification of the complaint should at least be by the person designated by statute.

It is clear that equity has jurisdiction in this matter since under the Clean Streams Law, the language is as follows: "shall be abatable in a manner now provided by law or equity for the abatement of public nuisances": 35 PS §691.601.

In 6 Anderson Pa. Civ. Prac., forms, sections 321 and 323 propose the proper captions for matters "upon the relation of" and refer to Pa. R. C. P. 1092, wherein the clause is used.

### ORDER
And now, July 12, 1973, the motion for permanent injunction and amended complaint in equity, filed February 13, 1973, is hereby dismissed for the reasons set forth in the opinion filed herewith.