William L. Eckert, Appellant *v.* Neil Buckley, Mayor, Carl R. Forster, Chester D. May, Frank A. Nedrow, Richard F. Moline, John E. Lovey, Onley J. Gray, John A. Marmarella, Members of Council, and the Borough of Aspinwall, Appellees.

Argued October 29, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Ronald P. Koerner*, with him *Gatz, Cohen, Segal & Koerner*, for appellant.

*Lee A. Donaldson, Jr.*, with him *Donaldson, Donaldson & Gunst*, for appellees.

OPINION BY JUDGE KRAMER, January 23, 1976:

This is an appeal by William L. Eckert from an order of the Court of Common Pleas of Allegheny County, dated October 21, 1974, which sustained the preliminary objection of the Borough of Aspinwall to Eckert's complaint in mandamus. The complaint requested that the court order the Borough to promote Eckert to lieutenant of police, with back pay and fringe benefits. The preliminary objection was in the nature of a demurrer, alleging that Eckert had not pleaded a cause of action in mandamus. The only issue raised by this appeal is whether, under Sections 1184 and 1188 of the Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. §§46184, 46188, the Borough has a clear legal duty to promote Eckert to lieutenant. We conclude that it does not, and affirm.

At some time prior to May 19, 1973, the Borough Council notified the Civil Service Commission that it intended to promote a police officer to fill a lieutenant vacancy. After conducting an examination, the Commission, on June 7, 1973, certified Eckert and Chester N.

Friedman as the only two officers eligible for the promotion. Council appointed Friedman to the position. The Commission subsequently notified Council that it had erred in evaluating the examination scores and that Friedman was in fact not eligible for promotion. On March 8, 1974, Friedman, by letter, declined to accept Council's appointment; and Eckert requested that Council appoint him to the position. Council refused, and this action followed.

Relief in mandamus cannot be granted unless the plaintiff can show a clear legal right, and a correspondingly clear legal duty on the part of the defendant. *Burlington Homes, Inc. v. Kassab,* 17 Pa. Commonwealth Ct. 329, 332 A. 2d 575 (1975). Eckert argues that the following language in Section 1184 establishes the requisite duty:

> "The council shall ... with sole reference to the merits and fitness of the candidates, make an appointment from the three names certified, unless they make objections to the commission as to one or more of the persons so certified for any of the reasons stated in section 1183 of this act."

Eckert maintains that because he was the only officer eligible for the promotion, he has a right to be appointed. In essence, Eckert would have us hold that once the Council notifies the Commission of its intention to fill a vacancy, it *must* fill the vacancy with someone from the eligibility list.

The Borough does not question the fact that, consistent with the statute, if anyone is to be appointed lieutenant from that list, that person must be Eckert. The Borough does, however, insist that Council has the discretion to allow the position to remain vacant, even after requesting that the Commission certify eligible candidates.

We see no provision in the Act which supports Eckert's theory, and there is decisional authority to the

contrary. In *Bobick v. Fitzgerald*, 416 Pa. 588, 207 A. 2d 878 (1965), the Supreme Court considered an almost identical issue. The municipality had erroneously appointed an unqualified individual (Kozemko), and the plaintiff brought suit, alleging that he was the only qualified candidate. The Court reasoned as follows:

"The legislature has seen fit to place the power of appointment of policemen in a borough in the councilmanic body subject only to the limitation that the person or persons to be appointed must be qualified under the civil service statute and that the councilmanic body grant to any such qualified person or persons any preference to which such person or persons is or are entitled under the Veterans' Preference Act, supra. It is within the discretion of the borough council to determine *if* and *when* police officers are to be appointed and, if such police are to be appointed, *which* person or persons is or are to be appointed subject to the statutorily imposed limitations on such power.

"It is not for the court to determine whether any police officer or officers are to be appointed and the fact that the borough council did attempt to appoint Kozemko does not deprive borough council of its power to determine whether the vacancy in the police force must now be filled. Such a determination is not a judicial but a councilmanic function statutorily imposed. What Bobick now seeks is beyond the judicial power to grant." 416 Pa. at 592, 207 A. 2d at 880-81. (Emphasis in original.)

Eckert maintains that *Bobick* has been implicitly overruled by *McGrath v. Staisey*, 433 Pa. 8, 249 A. 2d 280 (1968), where the trial court had sustained the defendant county's demurrer to a mandamus complaint. McGrath had placed third in an examination to fill three police sergeant positions, but the county had appointed the candidates who finished first, fourth and fifth. The Su-

preme Court vacated the trial court's order and remanded the case for further proceedings. The decision was based upon a provision in the applicable statute which required that promotion be based solely upon the results of a written examination, McGrath having received the third highest score.

We have carefully reviewed *McGrath* and *Bobick*, *supra*, and must conclude that *Bobick* is still binding upon us. *McGrath* simply does not reach the question of whether the governmental employer was obligated to fill the vacancies. It only held that the demurrer could not be sustained as long as McGrath was one of the three individuals legally qualified for appointment. Presumably, McGrath could have obtained an order to the effect that, if the county filled the three sergeant's positions, McGrath must be one of the individuals chosen. Such a result would have been entirely consistent with both the Supreme Court's opinion in *McGrath* and its earlier decision in *Bobick*.

We note as well that the position taken by Eckert is inconsistent with other opinions not directly on point. For instance, in *Mamallis v. Millbourne Borough*, 401 Pa. 375, 164 A. 2d 209 (1960), the Supreme Court held that a borough council had the right, acting in good faith, to abolish the office of chief of police *or* offices of lesser rank. Logic would dictate that if the council has the power to abolish the office of lieutenant altogether, it ought to be deemed to have the authority to allow the office to remain vacant.

Even more damaging to Eckert's position is *Gallagher v. Springfield Township Board of Commissioners*, 438 Pa. 280, 264 A. 2d 699 (1970), a case decided after the *McGrath* decision, in which the Supreme Court unanimously held that township commissioners could *rescind* an appointment to the police force, as long as the appointee had not yet assumed office. In the course of his opinion in *Gallagher*, Justice POMEROY stated:

"In order to establish a clear legal right to a position on the police force, *appellant was required,* under the cases correctly relied upon by the court below, *to prove that he had been appointed to that position* and that the appointment had complied with the procedure set forth in the applicable civil service law." 438 Pa. at 284, 264 A. 2d at 701. (Emphasis added.)

*Gallagher* involved Section 638 of the First Class Township Code, Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. §55638, which is identical to Section 1184 of the Borough Code. Having actually been appointed, Gallagher undoubtedly had a stronger argument for the availability of mandamus than does Eckert, yet the Supreme Court affirmed the trial court's sustaining of the demurrer in that case. We must do likewise.

Order affirmed.