**Robert MACK, Plaintiff,**

v.

**MUNICIPALITY OF PENN HILLS, a township of the First Class, Phyllis Kernick, Mayor of the Municipality of Penn Hills, Harry R. McIndoe, Acting Mgr. of the Municipality of Penn Hills, the Personnel Board of the Municipality of Penn Hills, Raymond Collins, John Korinek, William McLafferty, Robert Frank, James Gray, Earl Copeland, and Howard Burton, individuals, and Police Officers in the Municipality of Penn Hills, Defendants.**

**Civ. A. No. 82–0795.**

United States District Court,
W. D. Pennsylvania.

Sept. 30, 1982.

Bruce E. Dice, Zimmer & Dice, Oakmont, Pa., for plaintiff.

Anthony J. Martin, Monroeville, Pa., for defendants Raymond Collins, John Korinek, William McLafferty, Robert Frank, James Gray, Earl Copeland and Howard Burton.

Wayne V. DeLuca, Pittsburgh, Pa., for defendants Penn Hills, Kernick and McIndoe.

Lee Vincent Price, Pittsburgh, Pa., for defendant Personnel Bd. of Penn Hills.

## OPINION

MANSMANN, District Judge.

This matter comes before the Court on a Motion to Dismiss brought by the Defendants, alleging lack of subject matter jurisdiction of this Court under Fed.R.Civ.P. 12(b)(1) and failure to state a claim upon which relief can be granted under Fed.R. Civ.P. 12(b)(6).

Police Officer Robert Mack originally filed this action[1] against the Municipality of Penn Hills under 42 U.S.C. § 1983, alleging that a violation of his constitutional right to due process of law occurred when he was reduced in rank without a hearing. Plaintiff has moved to amend his Complaint to predicate jurisdiction on 28 U.S.C. § 1343. This Motion is granted and Defendants' challenges to subject matter jurisdiction are, therefore, dismissed.

However, since this Court finds that the Plaintiff has failed to state a claim upon which relief can be granted, the Motions of Defendants in this regard are granted and the Amended Complaint is hereby dismissed.

## FACTS OF THE CASE

In June of 1979, Plaintiff, a Penn Hills police officer, was promoted to the rank of lieutenant from the current Eligibility List. Other police officers immediately challenged the testing procedures upon which the Eligibility List was based. A hearing was held on August 4, 1979, before the Penn Hills Personnel Board, which subsequently upheld the promotion of Officer Mack and others.

The objecting officers then filed an appeal in the Court of Common Pleas of Alle-

---

1. It should be noted that four police officers initially filed this action. Two officers (Robert Alexander and Frank Myers) withdrew at the commencement of the oral argument on the temporary restraining order. Subsequently, John DeRiggi was reinstated to the position of lieutenant and he no longer wishes to pursue this matter. Upon his motion, this Court has amended the caption to reflect this change.

gheny County, Pennsylvania.[2]   A hearing was held before the Honorable Leonard A. Staisey at which counsel for the appellants submitted the record of the August 4th Personnel Board hearing, the Rules and Regulations which govern the Personnel Board, and Resolution No. 59 of 1977 which authorizes the Personnel Board to serve as a Civil Service Commission for the Municipality of Penn Hills.

By Opinion and Order dated June 11, 1980, Judge Staisey reversed the decision of the Personnel Board, ordering the Board to administer new testing procedures and to constitute a new eligibility list for the promotion of police officers.   As a result of this Order, the Personnel Board was required to nullify Officer Mack's promotion and he was returned to the rank of Police Specialist on May 9, 1982.

Plaintiff and other recently "reduced-in-rank" officers then filed a Petition for Rule to Show Cause, challenging Judge Staisey's Order of June 11, 1980.   They additionally requested permission to intervene in the lawsuit, alleging lack of notice and knowledge of the statutory appeal.

An evidentiary hearing was held on July 2, 1980 before Judge Staisey, who denied all relief by Opinion and Order dated October 8, 1980.   As well, Judge Staisey affirmed his Order of June 11, 1980, wherein Plaintiff's promotion was rendered void.

Officer Mack then appealed to the Commonwealth Court of Pennsylvania,[3] alleging error in the denial of his request to intervene.   Plaintiff also challenged, for the first time, the question of jurisdiction of the Court of Common Pleas of Allegheny County, Pennsylvania, to hear the matter, alleging that he was an indispensable party to the action below.

In the Opinion by the Honorable David W. Craig, dated December 10, 1981, the Commonwealth Court found that (1) appellants had actual notice of the proceedings with ample opportunity to intervene at an earlier time and (2) the appellants were not indispensable parties.

Plaintiff then filed a Petition for Allowance of Appeal in the Supreme Court of Pennsylvania, docketed at No. 4 W.D.A.D. 82, which was denied by Order of Court dated March 31, 1982.

Plaintiff then filed the above-captioned matter in the Western District of Pennsylvania, alleging a violation of his constitutional rights under 42 U.S.C.A. § 1983 and requesting this Court to issue a Temporary Restraining Order.   After extensive oral argument, this Court denied the request by Order dated May 6, 1982.   Defendants then filed the instant Motions to Dismiss.

## CLAIM UNDER § 1983

Plaintiff claims a deprivation of his constitutional rights under 42 U.S.C.A. § 1983,[4] namely, due process of law because (1) he was not notified of hearings affecting his rights after he had been "promoted" to lieutenant and (2) he was not given a hearing prior to his reduction in rank pursuant to the First Class Township Code, the Act of June 24, 1931, P.L. 1206 Art. VI, Section 644, added 1949, May 27, P.L. 1955, Section 20, 53 P.S. Section 55644, et seq.[5]

---

**2.**   The appeal, captioned *Austerlitz, et al. v. Municipality of Penn Hills, et al.,* was filed at No. S.A. 937 of 1979.

**3.**   *Appeal of Austerlitz,* 63 Pa.Cmwlth Ct. 140, 437 A.2d 804 (1981).

**4.**   1983.   Civil action for deprivation of rights Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.   For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

**5.**   § 55644.   Removals
No person employed in any police or fire force of any township shall be suspended, removed or reduced in rank except for the following reasons: (1) physical or mental disability affecting his ability to continue in service, in which cases the person shall receive an honorable discharge from services;   (2)

A review of the extensive proceedings in the state courts of Pennsylvania demonstrates that all issues presently before this Court have been fully and fairly examined by the Courts of the Commonwealth of Pennsylvania which found, both as a matter of fact and as a matter of law, that Plaintiff was not entitled to notice, to intervene, or to a hearing before a reduction in rank occurred.

Judge Staisey expressly found that Plaintiff had notice of the May 19, 1980 hearing and in his Opinion dated October 8, 1980 states:

> (T)he record of the July 2, 1980, evidentiary hearing unequivocally demonstrates that Petitioners in fact had actual notice of the May 19, 1980 hearing. The record amply demonstrates that Officers Alexander, Mack and DeRiggi not only had *actual* notice of the proceeding, but that in fact the aforesaid Petitioners personally appeared and were physically present in the courtroom at the day and time the matter was heard. Moreover, the testimony of Officer Mack positively indicates that he had personal knowledge of the pending appeal as early as May 16, 1980, at which time he informed Officers Alexander, DeRiggi and Myers of the fact. (Emphasis in original.)

Slip op. at 4.

As well, Judge Staisey found that "Having conducted a painstaking review of the entire record before us, we find the Petitioner's purported ignorance of the nature of the proceedings wholly unworthy of belief." (Slip Op. at 5.)

To demonstrate even more fully that Plaintiff had notice of the hearing, Judge Staisey's Opinion cites further evidence of this fact:

> Moreover, the record further indicates that Officer Mack, prior to commencement of the May 19, 1980, hearing, requested of this Court's administrative personnel the opportunity to view and read the actual Petition before the Court for disposition. Although Officer Mack candidly admits reading the Petition not once, but twice prior to the hearing, he nevertheless pleads ignorance of the nature of the proceedings.

Based on the facts that Plaintiff was physically present at the May 19, 1980 hearing, had informed the other objecting officers on May 16, 1980, three days prior to the hearing, and had read the court documents twice prior to the commencement of the hearing, Judge Staisey found that Plaintiff had notice of the hearing and had unduly delayed in intervening.[6] For these reasons Judge Staisey denied Plaintiff's request to intervene and reinstated his previous Order of June 11, 1980, vacating Plaintiff's promotion.

After Plaintiff sought review in the Commonwealth Court of Pennsylvania, that Court, in an Opinion written by Judge Craig, found no error in the denial of the Petition to Intervene. Addressing the

neglect or violation of any official duty; (3) violation of any law of this Commonwealth which provides that such violation constitutes a misdemeanor or felony; (4) inefficiency, neglect, intemperance, disobedience of orders, or conduct unbecoming an officer; (5) intoxication while on duty; (6) engaging or participating in conducting of any political or election campaign otherwise than to exercise his own right of suffrage. A person so employed shall not be removed for religious, racial or political reasons. A written statement of any charges made against any person so employed shall be furnished to such person within five days after the same are filed with the commission.
§ 55645 (Hearings on dismissal and reduction) reads as follows:

If the person suspended, removed or reduced in rank shall demand a hearing by the commission, the demand shall be made to the commission. Such person may make written answers to any charges filed against him no later than the day fixed for hearing. The commission shall grant him a hearing which shall be held within a period of ten days from the filing of charges in writing unless continued by the commission for cause at the request of the township commissioners or the accused. At any such hearing, the person against whom the charges are made may be present in person and by counsel.

6. Plaintiff did not file his petition to intervene until June 17, 1980, and claimed that he became aware of the nature of the proceedings on June 11, 1980.

question of jurisdiction of the Court of Common Pleas, the Commonwealth Court rejected Plaintiff's claim that since he was an indispensable party, the Court below lacked jurisdiction. Relying on *McGrath v. Staisey*, 433 Pa. 8, 249 A.2d 280 (1968), the Court found that Plaintiff, as an improperly appointed employee, was not an indispensable party. Since Plaintiff could have intervened in the litigation at any earlier stage and failed to do so, the Commonwealth Court determined that he was not entitled to a separate hearing or to intervene once the lower court had rendered a decision.

Most important, the Commonwealth Court addressed the question of whether Plaintiff was entitled to a hearing before being demoted as required under the First Class Township Code.[7] Judge Craig also found that under Pennsylvania law an improperly appointed or promoted police officer was not covered by § 55465 and that as such Plaintiff was not entitled to a "§ 55645 hearing."

For Plaintiff to now claim that he has been deprived of due process by the Courts of Pennsylvania after such extensive hearings and after an express finding by Judge Staisey that Plaintiff not only had actual notice of the hearings but that he chose not to take any action on his own behalf until after an adverse decision had been rendered by the Court of Common Pleas strains credulity and stretches legal argument beyond its limit. As well Plaintiff's claim of entitlement to a hearing before reduction in rank and to retention in rank itself has been fully litigated, the Pennsylvania courts finding that Plaintiff has been afforded all the essentials required by due process.[8]

## ROLE OF THE FEDERAL DISTRICT COURT

Plaintiff's claim under § 1983 is based on facts arising out of an interpretation of state law. It is well established that the "State's highest court is the best authority on its own law." *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1966). As has previously been mentioned in reference to Judge Craig's Opinion, the Pennsylvania Supreme Court in *McGrath v. Staisey, supra,* held that an improperly appointed public employee is not an indispensable party, despite his potential interest in the litigation. Additionally, Plaintiff has had the full panoply of procedural due process by the judicial system of Pennsylvania from the Personnel Board of Penn Hills to the Pennsylvania Supreme Court.

Finally, Plaintiff attempts to appeal to this Court for a review of his § 1983 claim when it has already been litigated in the state courts. *Res judicata* bars additional claims on the same cause of action in a subsequent suit between the same parties or their privies when there has been a final judgment on the cause of action. *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1978).

Defendants assert[9] that a review of the state court proceedings could only be

---

7. See n. 5.

8. For Plaintiff to establish his clear legal right to the position of lieutenant, he must prove that his appointment complied with the procedure established by civil service law. *Gallagher v. Springfield Township of Board of Commissioners,* 438 Pa. 280, 264 A.2d 699 (1970), *Manning v. Millbourne Borough Civil Service Commission,* 387 Pa. 176, 127 A.2d 599 (1956). This issue was decided against Plaintiff by the Court of Common Pleas which found that the Eligibility List of June 4, 1979, was void because the Personnel Board had not properly utilized the criteria and standards which it was required to follow in establishing the list. S. A. 937 of 1979, aff'd, Appeal captioned *Austerlitz, et al. v. Municipality of Penn Hills, et al.* Commonwealth Court subsequently upheld this position in finding that as an improperly appointed officer he could not claim the benefit of § 55645.

9. *Res judicata,* although an affirmative defense, may be raised in a motion to dismiss or by an answer. *Williams v. Murdoch,* 330 F.2d 745 (3rd Cir. 1964). Defendants' in their Motions to Dismiss claim that this Court lacks subject matter jurisdiction and refer the Court to its Memorandum of Law for further support of its position. Therein, Defendants state that the proper avenue for Plaintiff to follow was not the federal district court but the United States

sought in the United States Supreme Court and that, as a matter of comity, a federal district court has no appellate jurisdiction over a state court decision. This Court agrees and finds that Plaintiff's claim is precluded under 28 U.S.C.A. § 1738.[10] The federal courts have applied the doctrine of *res judicata* to state court proceedings not only to reduce needless litigation but also to foster comity between the two systems. *Allen v. McCurry,* 449 U.S. 90, 95, 96, 101 S.Ct. 411, 415, 416, 66 L.Ed.2d 308 (1980).

In *Allen v. McCurry, supra,* the United States Supreme Court held that the doctrine of *res judicata* and the related doctrine of collateral estoppel[11] were applicable to § 1983 claims brought in federal courts when the issue had been previously litigated in a state court. The Court of Appeals for the Third Circuit in applying the doctrine of *res judicata* to a Title VII claim stated "(I)ts analysis would not be significantly different if collateral estoppel rather than res judicata were invoked." *Davis v. United States Steel Supply,* 688 F.2d 166, No. 80–25741, slip op. (3d Cir. August 30, 1982). Therefore, whether this court find preclusion under 28 U.S.C.A. § 1738 based on *res judicata* or collateral estoppel, its conclusion is that it lacks subject matter jurisdiction.

██ The doctrine of collateral estoppel does not create a bar to a subsequent action when the party against whom it is asserted

did not have a "full and fair" opportunity to litigate the issue. *Kremer v. Chemical Construction Corp.,* —— U.S. ——, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). Although Plaintiff was not a party to the original action which was appealed from the decision of the Penn Hills Personnel Board, Plaintiff did file a Motion to Intervene, was present at the hearing in the Court of Common Pleas, and his interests were protected by the Personnel Board of Penn Hills, which affirmed his promotion initially. The findings of both the Court of Common Pleas and the Commonwealth Court of Pennsylvania addressed the issues of notice, intervention, and entitlement and did not find for the Plaintiff. He ultimately appealed to the Pennsylvania Supreme Court which denied his Petition for Allowance of Appeal by *Per Curiam* Order. Although the Supreme Court issued no opinion, this fact does not preclude application of either *res judicata* or collateral estoppel. In refusing to apply *res judicata* when the Pennsylvania Supreme Court issued no opinion in *Williams v. Murdoch,* supra, the Court of Appeals for the Third Circuit predicated its conclusion on the bases that the Supreme Court did not adjudicate the matters in issue, and that there were alternative grounds for its decision, *i.e.,* the Petition contained scurrilous matters, it was without appellate jurisdiction because of a false affidavit, and appellant had abandoned her appeal by allowing dismissal of her Petition

Supreme Court. After an extensive review of the pleadings, Memoranda of Law and Oral argument at the hearing for a Temporary Restraining Order, this court concludes that the issue of *res judicata* has been raised and is properly before the Court.

Additionally, Plaintiff has attached to his Complaint most of the state court record and subsequently filed with this Court a Certification of Record of the state court proceeding. The defense of *res judicata* is raised when the Plaintiff pleads the prior state court judgment and attaches it as exhibits to his Complaint. *Philadelphia Transportation Co. v. Southeastern Pennsylvania Transportation Authority,* 282 F.Supp. 789, 790 (E.D.Pa.1968).

**10.** § 1738. State and Territorial statutes and judicial proceedings; full faith and credit Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall

have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken. June 25, 1948, c. 646, 62 Stat. 947.

**11.** The term *res judicata* has been used to include both *res judicata* and collateral estoppel. *International Union of Operating Engineers v. Sullivan Transfer,* 650 F.2d 669, 676 (5th Cir. 1981); *White v. World Finance of Meridian, Inc.,* 653 F.2d 147, 150 (5th Cir. 1981). "Under collateral estoppel, once a court has decided an issue of fact or law necessary to the judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry,* 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308. (Citations omitted).

to be entered "with prejudice". 330 F.Supp. 745 at 755. A review of the extensive records and briefs submitted by the parties does not evidence any alternative grounds upon which the Supreme Court could have based its decision other than those which Plaintiff now asserts under his § 1983 claim.

Since Defendants were bound by a previous judgment against it, they can now raise the defense of *res judicata*. Pennsylvania adheres to the principle of mutuality of estoppel, whereby a party may not raise the defense of *res judicata,* if in the prior proceeding, he would not have been bound by the judgment. *Helmig v. Rockwell Mfg. Co.,* 389 Pa. 21, 131 A.2d 622, *cert. denied,* 355 U.S. 832, 78 S.Ct. 46, 2 L.Ed.2d 44 (1957). Thus, this case presents the anomaly of litigant in a previous lawsuit asserting the defense of *res judicata* against a party whose interests it represented in the first action.

Finally, for *res judicata* to be a bar to a subsequent action it must be demonstrated that " 'between the previous action and the present action there (is) an identity in the thing sued on, identity of the cause of action, identity of the persons and parties to the action, and identity of the quality or capacity of the parties suing or sued.' *Duquesne Slag Products Co. v. Lench,* 490 Pa. 102, 105, 415 A.2d 53, 55 (1980)" *Davis v. United States,* at 170. That this standard is met, can be established by an examination of the Record submitted by the Plaintiff. Although Plaintiff was not a named party in the Court of Common Pleas action, the Record amply demonstrates that (1) he had notice, (2) he had the opportunity to intervene prior to the commencement of that action, (3) he was physically present during the proceeding, (4) a full evidentiary hearing was conducted on the question of notice, and (5) that these proceedings and issues were reviewed by the Commonwealth Court.

Plaintiff again raises these same issues here. These issues have been fully and finally litigated in the Courts of Pennsylvania and to permit their relitigation before this Court would render the doctrines of *res judicata* and collateral estoppel meaningless. "Res judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308. For all of the above cited reasons, Defendants' Motions to Dismiss are granted.

An appropriate Order will issue.