565 A.2d 502

**James O'NEILL, Jr., Appellant,**

**v.**

**BOROUGH OF YARDLEY; Yardley Borough Council and Yardley Borough Civil Service Commission, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Sept. 15, 1989.

Decided Oct. 16, 1989.

Joseph J. O'Neill, Philadelphia, with him, Theodore M. Kravitz, Washington Crossing, for appellant.

Laurence I. Tomar, Tomar, Rosenthal, Popp & Jedynak, Trenton, N.J., for appellees.

Before BARRY and SMITH, JJ., and BARBIERI, Senior Judge.

## OPINION

BARRY, Judge.

Appellant, James O'Neill, applied for the position of chief of police of the Borough of Yardley, the appellee. O'Neill is currently a sergeant with the Yardley police force. O'Neill was interviewed by the borough's civil service commission, which issued a letter approving his elevation to chief of police. Subsequently, the borough council refused to appoint O'Neill to the position. O'Neill brought an action in mandamus in the Court of Common Pleas of Bucks County to compel the borough to appoint him as chief of police. The trial court sustained the borough's preliminary objections in the nature of a demurrer and this appeal followed.

Mandamus lies only where the plaintiff has a clear legal right to relief and the defendant has a corresponding

duty. *Eckert v. Buckley,* 23 Pa. Commonwealth Ct. 82, 350 A.2d 417 (1976). The only issue before us in this case is whether the borough is required under The Borough Code [1] to appoint someone as chief of police after he has been approved by the civil service commission.

 This case hinges on subsection (c) of Section 1184 of the Code, 53 P.S. § 46184(c), which reads:

> In the case of a vacancy in the office of chief of police ... the appointive power may nominate a person to the commission. It shall thereupon become the duty of the commission to subject such person to a non-competitive examination, and if such person shall be certified by the commission as qualified, he may then be appointed to such position, and thereafter shall be subject to all the provisions of this subdivision.

O'Neill argues that the appointment is mandatory if the civil service commission has approved the candidate and that he can therefore compel his appointment through mandamus. The borough's position is that it may choose not to appoint a candidate after he has been approved by the commission because of the use of the word "may" in the phrase "may then be appointed" in the above quoted section.

O'Neill cites several cases which hold that "may" can mean "shall" where a statute directs the doing of a thing for the sake of justice, *Melnick v. Melnick,* 147 Pa.Superior Ct. 564, 25 A.2d 111 (1942), or where the purpose achieved by a statute is a public one and by it power is given to public officers which affects the rights of third persons. *In re Fisher,* 344 Pa. 96, 23 A.2d 878 (1942). However, the most recent Pennsylvania Supreme Court case addressing this specific question states that "may" is ordinarily employed in the permissive sense and held that statutory language using "may" granted discretion. *Commonwealth v. Garland,* 393 Pa. 45, 142 A.2d 14 (1958). Our own Court has dealt with this question more recently in *In the Matter*

1. Act of Feb. 1, 1966, P.C. (1965) ——, *as amended,* 53 P.S. §§ 45101–48501.

*of Columbia Borough,* 24 Pa. Commonwealth Ct. 190, 354 A.2d 277 (1976). In that case this Court adopted a trial court opinion which stated that "may" shall not be construed to mean "shall" unless the context or subject matter compels such construction or unless it is necessary to give effect to the clear policy and intention of the legislature.

The legislature has directed via the Statutory Construction Act of 1972 that words shall be construed according to their common and approved usage. 1 Pa.C.S. § 1903. The Pennsylvania Supreme Court has also held that the courts must construe the words of a statute according to their plain meaning. *Commonwealth v. Stanley,* 498 Pa. 326, 446 A.2d 583 (1982). In light of the case law and the Statutory Construction Act, we are persuaded that the word "may" is used in its normal permissive sense in the above Code section and that the borough is not required to appoint someone to the position of police chief when that person has been approved by the civil service commission. In reaching this conclusion we have examined subsection (a) of Section 1184, 53 P.S. § 46184(a), describing the method for filling vacancies in a police force, which reads in pertinent part:

> [E]very original position or employment in the police force ... except that of chief of police ... shall be filled only in the following manner: the council shall notify the commission of any vacancy which is to be filled and shall request the certification of a list of eligibles. The commission shall certify for each existing vacancy from the eligible list, the names of three persons thereon, or a lesser number where three are not available, who have received the highest average. The council shall thereupon, with sole reference to the merits and fitness of the candidates, make an appointment from the three names certified, unless they make objections to the commission as to one or more of the persons so certified for any of the reasons stated in section 1183 of this act. Should such objections be sustained by the commission, as provided in said section, the commission shall thereupon strike the name of such person from the eligible list and certify the next highest name for each name stricken off.

As each subsequent vacancy occurs in the same or another position precisely the same procedure shall be followed.

As the borough points out in its brief, the legislature consistently used "shall" throughout this subsection and we note that the legislature also stated emphatically that this procedure must be followed when appointing police officers. In contrast, the legislature used both "may" and "shall" in subsection (c) which indicates to us that it was conscious of the distinct meaning of each word.

In summary, we hold that Section 1184(c), 53 P.S. § 46184(c) does not require the borough to appoint O'Neill, even though he has been approved by the civil service commission. O'Neill therefore has no clear legal right to relief and the trial court properly sustained the borough's preliminary objections.

## ORDER

NOW, October 16, 1989, the order of the Court of Common Pleas of Bucks County, dated January 20, 1989, at Docket No. 88–6850–14–5, is affirmed.